DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from two judgments of the Lucas County Court of Common Pleas. The first judgment, journalized August 28, 2003, confirmed the sale of the property of appellant, Duane J. Tillimon, and ordered distribution of the proceeds from the sale. The second judgment, journalized November 18, 2004, found appellant's Civ.R. 60(B) motion moot. Upon consideration of the assignments of error, we reverse the August 28, 2003 judgment of the lower court and find the assignments of error regarding the November 18, 2004 judgment moot. Appellant asserts the following assignments of error on appeal:
 {¶ 2} "First Assignment of Error: The trial court erred when it allowed the sheriff to distribute the proceeds of a writ of execution sale to persons not named as parties that made no claim for the proceeds of the sale [sic] because a writ of exection [sic] sale is subject to the liens of person not joined as parties.
 {¶ 3} "Second Assignment of Error: The trial court erred when it denied the rule 60B motion requesting the stay of the distribution of the proceeds because the trial court has the duty of protecting the proceeds of the sale from being dissipated by paying any part thereof to persons not entitled thereto."
 {¶ 4} Appellee, Preferred Properties, obtained a judgment against Tillimon and Indian River Estates, Inc. in federal court on March 10, 2000. On July 15, 2002, appellee filed a judgment lien against Tillimon as President of Indian River Estates. Appellee sought a writ of execution from the court ordering the sheriff to seize certain property belonging to Tillimon to satisfy the judgment debt. The case was later stayed as to Indian River Estates because the company had filed for bankruptcy. However, appellee voluntarily dismissed Indian River Estates from the case and the court reactivated the case with respect to Tillimon, individually, on January 6, 2003.
 {¶ 5} In an order journalized on August 28, 2003, the court confirmed the sale of Tillimon's property at 1926 Oxleigh Circle and ordered the clerk to satisfy and release all of the mortgages joined in the action. The court ordered that the proceeds from the sale be distributed to the clerk of court for costs, Countrywide Home Loans, Inc., Jack Polek, and the remaining $291.82 to appellee. Tillimon asserts that he was never served notice of the judgment entry, but that he learned of it on February 4, 2004, through other sources. Also on February 4, 2004, the court ordered the sheriff to carry out the writ of execution and make a report to the court. However, the order was not file-stamped until February 11, 2005 and was never journalized.
 {¶ 6} Tillimon filed a Civ.R. 60(B)(1) motion on February 12, 2004, requesting that the court stay the distribution of the sale proceeds because, due to mistake or fraud, the court had ordered distribution of the proceeds to Countrywide Home Loans and Jack Polek, who where never made parties to this action. Tillimon argued that appellee in effect achieved the benefits of a foreclosure action within the writ of execution proceedings.
 {¶ 7} Appellee acknowledged in its memorandum in opposition to Tillimon's motion to stay distribution of the sale proceeds that it had utilized a hybrid form of writ of execution by informing everyone at the sale that the sale proceeds would be used to discharge the underlying liens in the order of their priority. Appellee explained that it took this action to achieve the highest possible sales price. It argues, however, that no prejudice resulted to Tillimon because his mortgage debt was discharged and the property was sold at the highest possible price.
 {¶ 8} Appellee further argued that Tillimon had failed to demonstrate a justification for waiting six months to file his Civ.R. 60(B) motion and that the issue was moot because the sheriff had distributed the proceeds of the sale on February 9, 2004. Attached to appellee's memorandum in opposition was a document entitled "Sheriff's Return" with an unsigned attestation clause stating that the sheriff had issued a deed and distributed the proceeds on February 9, 2004.
 {¶ 9} In a reply brief, Tillimon raised further arguments in support of the merits of his Civ.R. 60(B) motion. He further argued that his motion was not moot because the sheriff had not distributed the proceeds from the sale prior to the filing of the Civ.R. 60(B) motion.
 {¶ 10} The court ruled on Tillimon's Civ.R. 60(B) motion on November 18, 2004. The court found the issue of the distribution of the sale proceeds was moot because the sheriff had distributed the proceeds on February 9, 2004.
 {¶ 11} Finally, three months later, on February 17, 2005, the sheriff's return was filed in the court indicating that the deed was delivered to the buyer and the proceeds from the sale were distributed on February 9, 2004. On March 14, 2005, Tillimon filed a memorandum of fact in the case attaching a copy of the sheriff's check issued to Countrywide Home Loans, Inc. dated February 25, 2004.
 {¶ 12} We begin by addressing the August 28, 2003 judgment which distributed the proceeds of the execution sale. Upon an examination of the record in this case, we find that there were many irregularities in the writ of execution proceedings. However, since the only issue before us is the distribution of the sale proceeds, we will only address that issue.
 {¶ 13} The buyer at the sheriff's sale takes the property subject to any liens on the property. R.C. 2329.37. Because most mortgages have "due on sale" clauses which enable the mortgagee to immediately foreclose on the mortgage, there is little advantage for a buyer to purchase such property. For this reason alone, writs of execution against real property are seldom used. Ohio Civil Practice (2001), Sec. 216.27.
 {¶ 14} In this case, it is alleged that the sheriff directed the potential buyers that the mortgage would be paid out of the proceeds of the sale so that the buyer would take the property free from any liens as in a foreclosure sale. Such action was contrary to the execution against property statutes. Appellee admits that the sale was a hybrid of the execution against property and foreclosure proceedings.
 {¶ 15} Because appellee did not file an appeal from the trial court's judgment and Tillimon only assigns as error the distribution of the proceeds, we are precluded from addressing the issue of whether the court abused its discretion by confirming the sale. Furthermore, because appellee participated in the hybrid procedure, any error related to the sale was invited error on its part and, therefore, cannot be reviewed even under a plain error standard. With respect to the only issue on appeal, we find that the court erred as a matter of law by distributing a portion of the proceeds of the sale to Countrywide Home Loans, Inc. and Jack Polek who were not parties to this action and who were not entitled to receive the proceeds.
 {¶ 16} Appellee also argues that Tillimon was not prejudiced by appellee's actions because the property was sold for the highest possible value. We disagree. Had the proceeds been distributed solely to appellee, a greater portion of the judgment debt would have been paid off. Appellant's first assignment of error is well-taken.
 {¶ 17} In his second assignment of error, appellant asserts that the court erred in finding that his Civ.R. 60(B) motion was moot. Because we found in our review of the direct appeal from the final judgment that the trial court erred in rendering final judgment in this case, appellant's second assignment of error relating to the court's ruling on appellant's Civ.R. 60(B) motion is now moot.
 {¶ 18} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the August 28, 2003 judgment of the Lucas County Court of Common Pleas is reversed in part. This judgment is reversed insofar as it ordered the sheriff to distribute a portion of the proceeds of the sale to Countrywide Home Loans and Jack Polek who were never parties to this action. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., M. Parish, J. concur.