DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the March 29, 2006 judgment of the Sandusky County Court of Common Pleas, which confirmed the foreclosure sale of 1111 White Avenue, Fremont, Ohio, and distributed the sale proceeds. Upon consideration of the assignments of error, we reverse the decision of the lower court. Appellant, Yvonne Grundy, asserts the following single assignment of error on appeal:
 {¶ 2} "The Trial Court erred in its combined orders dated November 9, 2005 and March 27, 2006, referred to in the Appendix hereto as "EXHIBITS A and AA" in not ordering that Yvonne Grundy was entitled to one half of the net proceeds of the foreclosure sale of the property described in the mortgage dated February 20, 1998 to Yerke Mortgage Co. in which Robert M. Grundy signed as mortgagor and which mortgage was not signed by Yvonne Grundy, Defendant/Appellant, although she owned one half of said real property and ordering that Plaintiff/Appellee was entitled to the amount equal to the pay-off of the original mortgage at the time it was refinanced."
 {¶ 3} In March 2003, appellee, BA Mortgage, LLC, successor by merger to NationsBanc Mortgage Corporation, c/o Bank of America, NA, filed a foreclosure action against Robert M. Grundy, Yvonne Grundy, and U.S. Bank National Association ND. Appellee alleged that Robert M. Grundy had defaulted on a note and owed appellee $61,411.81, plus interest. Grundy, however, was immune from personal liability because he had filed for bankruptcy.
 {¶ 4} The evidence presented on summary judgment establishes that Robert Grundy acquired the property at issue on October 22, 1996. At the same time, Grundy executed a purchase money mortgage for $66,139 from Yerke Mortgage Company, which was later assigned to NationsBanc. On May 2, 1997, Grundy executed a new deed transferring the property to himself and appellant, subject to the mortgage. On February 25, 1998, Grundy executed a new note and mortgage from Yerke Mortgage Company in the amount of $64,622. Appellee alleges that this sum was used to pay off the prior $63,014.39 mortgage.
 {¶ 5} The loan application indicates that the new mortgage would be secured by the property and that title would be held "individually." Appellant testified at her deposition that she knew that Grundy's mortgage was being paid off with the proceeds from the 1998 mortgage. However, based upon her additional testimony, it is questionable whether appellant understood the terminology used in the questioning.
 {¶ 6} The title commitment contained a requirement that a mortgage be obtained from Robert and Yvonne Grundy to Yerke Mortgage Co. (appellee's predecessor in interest). The HUD-1 settlement statement indicated that the lender paid for the title insurance binder and that the lender and the property owner both paid for title insurance. However, at the time of closing, appellant only signed the mortgage to release her dower interest.
 {¶ 7} After a considerable number of filings and re-filing of motions for summary judgment, the court ultimately denied summary judgment to appellee in its November 9, 2005 judgment. Appellee had sought summary judgment on the basis that it was entitled to recover $63,014.39 under the doctrine of equitable subrogation to the first lien on the property. Appellee alleged that there had been a mutual mistake in the execution of the mortgage. The court did not address appellant's motion for summary judgment and, therefore, we presume that it was denied.
 {¶ 8} However, the court went on to divide the proceeds from the foreclosure sale of the property as if it had granted summary judgment. The court stated that "[a]fter due consideration of the motions for summary judgment, including the pleadings, the evidence submitted pursuant to Civil Rule 56, and the memoranda of the parties," the proceeds should be distributed as follows: After costs, appellee was awarded an amount equal to the pay-off of the original mortgage and the remainder was to be divided equally between the parties. Therefore, appellee would receive $63,014.39 (the amount of the original mortgage) plus $1,938.37 (one-half of the remainder of the proceeds), or $64,952.76. The order confirming the sale and the distribution of the sale proceeds was journalized on March 29, 2006. Appellant then sought an appeal to this court.
 {¶ 9} The distribution order is reviewed de novo. PreferredProperties, Inc. v. Tillimon, 6th Dist. App. No. L-05-1085,2005-Ohio-5875, ¶ 15. We find the court's order confusing at best. Because the court denied appellee's motion for summary judgment, it cannot then award appellee judgment as if its motion had been granted. Appellee asserted that the proceeds from the second loan were used to pay off the first mortgage. Therefore proceeds from the foreclosure sale could not be applied toward payment of the first mortgage. The only basis for awarding appellee more than Robert Grundy's one-half interest in the sale proceeds was to find that appellee had an equitable right of subrogation to the first mortgagee. However, the court specifically found that appellee was not entitled to equitable subrogation. We do not address that issue because it is not properly before us.
 {¶ 10} While it appears that the court was attempting to reach an equitable result in this case, it cannot award the proceeds from a foreclosure sale without a legal basis. Therefore, upon a review of the record in this case and the court's judgment, we find appellant's sole assignment of error well-taken.
 {¶ 11} Having found that the trial court did commit error prejudicial to appellant, the judgment of the Sandusky Court of Common Pleas is reversed. This case is remanded for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.