[Cite as *Bayview Loan Servicing, L.L.C. v. Vasko*, 2018-Ohio-38.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Bayview Loan Servicing, LLC

     Appellee

v.

Dane M. Vasko, et al.

     Appellant

Court of Appeals No. WD-17-029

Trial Court No. 2016CV0215

**DECISION AND JUDGMENT**

Decided:  January 5, 2018

* * * * *

Phillip Barragate and Ashlyn Heider, for appellees.

Troy L. Moore, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This case is before the court on the appeal of appellant, Ballenger & Moore Co., L.P.A., from the March 22, 2017, April 14, 2017 and April 27, 2017 judgments of

the Wood County Court of Common Pleas. For the reasons that follow, we affirm the trial court's judgments.

{¶ 2} Appellant sets forth the following assignments of error:

First Assignment of Error: The trial court committed reversible error when it found, as a matter of law as between competing lienholders, that the "effective/priority date" of the modification of a mortgage lien pursuant to Ohio Revised Code § 5301.231 relates back to the same "effective/ priority date" as the original mortgage lien pursuant to Ohio Revised Code § 5301.23.

Second Assignment of Error: The mortgage assignments attached to Plaintiff Bank of America, N.A.'s April 13, 2017 Motion to Substitute party Plaintiff excluded its October 2, 2014 (as recorded) Loan Modification Agreement on the subject property and, therefore, the trial court's April 14, 2017 Order Substituting Plaintiff should be vacated.

Third Assignment of Error: The trial court's April 27, 2017 Final Judgment Entry for Foreclosure exceeded the relief sought by the April 25, 2017 Motion of Substitute Party for Default Judgment and failed to reference, mention, or include (without limitation) Appellant Ballenger & Moore Co., L.P.A.'s October 19, 2012 (as recorded) mortgage on the subject property and Plaintiff Bank of America, N.A.'s October 2, 2014 (as recorded) Loan Modification Agreement on the subject property and, therefore, should be vacated.

2.

**Facts**

{¶ 3} On February 25, 2008, Dane Vasko executed a promissory note ("the note") in the amount of $157,391.00 in favor of Realty Mortgage Corporation ("Realty") to finance the purchase of property in Millbury, Ohio ("the property"). The loan's interest rate was 5.875 percent and the maturity date was March 1, 2038. The note was secured with a mortgage signed by Vasko. The mortgage was filed on March 4, 2008, with the Wood County Recorder. In addition, an undated allonge was attached to the note, which contained the indorsement "Pay to the Order of" BAC Home Loans Servicing, L.P., fka, Countrywide Home Loans Servicing, L.P. ("BAC"), and was signed by Realty's vice president.

{¶ 4} On June 14, 2010, a complaint in foreclosure was filed by BAC against Vasko and others in Wood County Court of Common Pleas, being case No. 2010CV0565. The case was dismissed without prejudice in May 2011.

{¶ 5} On March 14, 2012, Bank of America, N.A., Successor by Merger to BAC ("BOA"), filed a complaint in foreclosure against Vasko and others in Wood County Court of Common Pleas, being case No. 2012CV0208. In July 2013, summary judgment was granted to BOA. In December 2014, a joint motion to vacate judgment was filed and an order was entered by the court dismissing the complaint without prejudice.

{¶ 6} In August 2012, Vasko executed a Revolving Promissory Note ("revolving note") in the amount of $180,000 in favor of appellant. An Open-End Mortgage on the property was given by Vasko to appellant to secure the revolving note. On October 19, 2012, this mortgage was recorded.

3.

{¶ 7} On September 1, 2014, BOA and Vasko entered into a Loan Modification Agreement ("the Modification") which referenced the note and the mortgage previously recorded on March 4, 2008. The principal amount of the Modification was $141,923.11, the interest rate was 4.625 percent, the new maturity date was August 1, 2044, and the monthly mortgage payments were lowered from $995.63 to $815.92. The Modification was recorded on October 2, 2014.

{¶ 8} In April 2016, BOA filed a complaint for money judgment and foreclosure against Vasko, appellant and others in Wood County Court of Common Pleas, being case No. 2016CV0215. Appellant filed a counterclaim against BOA and sought a declaration that appellant has the first valid lien on the property.

{¶ 9} In January 2017, BOA filed a motion for summary judgment on appellant's counterclaim. Appellant filed a cross-motion for summary judgment. On March 22, 2017, the court granted summary judgment to BOA and found the recording of the Modification did not affect the priority of the original mortgage. In support of its finding, the court relied on *Community Action Commt. of Pike Cty., Inc. v. Maynard*, 4th Dist. Pike No. 02CA695, 2003-Ohio-4312. Appellant appealed; the appeal was dismissed as the judgment was not a final appealable order.

{¶ 10} On April 13, 2017, BOA filed a motion to substitute party plaintiff requesting that Bayview Loan Servicing, LLC ("Bayview") be substituted for BOA. In the motion, BOA represented the mortgage loan was transferred to Bayview, and Bayview is now the holder of the note and mortgage. The trial court granted the motion on April 14, 2017.

4.

{¶ 11} On April 25, 2017, Bayview filed a motion for default judgment against Vasko and his unknown spouse, if any.

{¶ 12} On April 27, 2017, the trial court issued a Final Judgment Entry for Foreclosure which encompassed all matters before the court. The court made numerous finding including: Vasko and his unknown spouse, if any, were in default; the United States of America may have a right, title, interest or claim upon the property; the Treasurer of Wood County, Ohio, was due taxes and assessments on the property; there was due to Bayview on the note $136,341.62 plus interest, and there may be due to Bayview any monies advanced for real estate taxes, insurance and property protection; to secure payment of the note, Vasko executed a mortgage, recorded on March 4, 2008; there was no just reason for delay; and, the property shall be foreclosed and sold and the proceeds distributed first to the Wood County Clerk of Courts, then the Treasurer of Wood County, then Bayview, and any balance to the clerk pending further court order.

{¶ 13} Appellant appealed.

### First Assignment of Error

{¶ 14} Appellant contends the trial court erred when it held the "effective/priority date" of the Modification relates back to the same "effective/ priority date" as the original mortgage lien. In support of its position, appellant cites to *Panzica Constr. Co. v. Bridgeview Crossing, L.L.C.*, 2015-Ohio-3478, 39 N.E.3d 529 (8th Dist.).

{¶ 15} Bayview counters the trial court properly granted summary judgment, as Ohio's law is first in time, first in right. Bayview contends its mortgage was filed four years before appellant's mortgage. Bayview asserts the Modification does not affect its

5.

mortgage priority and appellant's junior mortgage position was not prejudiced by the Modification. In support, Bayview cites to *Community Action Commt. of Pike Cty., Inc. v. Maynard*, 4th Dist. Pike No. 02CA695, 2003-Ohio-4312.

{¶ 16} We review a trial court's summary judgment decision on a *de novo* basis. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Accordingly, we undertake our own independent examination of the record and make our own determination of whether the moving party is entitled to summary judgment. *Dupler v. Mansfield Journal*, 64 Ohio St.2d 116, 119-120, 413 N.E.2d 1187 (1980).

{¶ 17} R.C. 5301.231 states in relevant part:

(A) All amendments or supplements of mortgages, or modifications or extensions of mortgages or of the debt secured by mortgages, that have been executed in the manner provided in section 5301.01 of the Revised Code shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated and shall take effect at the time they are delivered to the recorder for record.

{¶ 18} R.C. 5301.01(A) provides in pertinent part:

A deed, mortgage, land contract as referred to in division (A)(21) of section 317.08 of the Revised Code * * * shall be signed by the grantor, mortgagor, vendor, or lessor in the case of a deed, mortgage, land contract, or lease * * *. The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor, or by the trustee, before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary

6.

public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement.

**{¶ 19}** R.C. 317.08(A)(21) provides:

The county recorder shall record all instruments in one general record series to be known as the "official records." The county recorder shall record in the official records all of the following instruments that are presented for recording, upon payment of the fees prescribed by law:

Options to purchase real estate, including supplements, modifications, and amendments of the options, but no option of that nature shall be recorded if it does not state a specific day and year of expiration of its validity[.]

**{¶ 20}** R.C. 5301.23 reads in relevant part:

(A) All properly executed mortgages shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated and shall take effect at the time they are delivered to the recorder for record. If two or more mortgages pertaining to the same premises are presented for record on the same day, they shall take effect in the order of their presentation. The first mortgage presented shall be the first recorded, and the first mortgage recorded shall have preference.

**{¶ 21}** In *Community Action Commt. of Pike Cty., Inc. v. Maynard*, 4th Dist. Pike No. 02CA695, 2003-Ohio-4312, ¶ 11, the court observed the original mortgage secured advances up to $ 9,500.00, and the modification of the

7.

promissory note altered the original note by granting an extension of the repayment period and reducing the monthly payments. The court further observed the modification of the note did not provide additional funds nor did it raise the interest rate established in the original note. *Id.*

{¶ 22} In its analysis, the court rejected the argument that the modification invalidated the original mortgage. *Id.* at ¶ 10. The court relied on the case of *Riegel v. Belt*, 119 Ohio St. 369, 164 N.E. 347 (1928), paragraph three of the syllabus, where the Supreme Court of Ohio held:

> "The purpose of a mortgage is to secure the payment of a debt. A note described in the condition of a mortgage is only evidence of the debt. No change in the form of the evidence, or the mode or time of payment, not amounting to actual payment of the debt, or an express release, will operate to discharge the mortgage." *Id.*

The court also cited a treatise which provided "[a]n extension that merely alters the time period for the payment of the obligation generally has no effect on the priority position of the extended mortgage as against intervening junior encumbrances. * * * 4 Powell on Real Property (1997), 37-219, Section 37.31." *Id.* at ¶ 10. The court then concluded the modification of the note did not invalidate the mortgage, nor did the modification affect the priority of the mortgage. *Id.* The court found the mortgage had the first and best lien on the property. *Id.* at ¶ 11.

{¶ 23} *Panzica Constr. Co. v. Bridgeview Crossing, L.L.C.*, 2015-Ohio-3478, 39 N.E.3d 529, ¶ 9, concerned a lien priority dispute between mechanic's lien holders and a

8.

bank with respect to a commercial shopping mall project. The bank had entered into a construction loan agreement with the project property owner and had judgment liens on the subject property. *Id.* The bank and project property owner also entered into several mortgage modifications because the owner purchased additional property for the project. *Id.* at ¶ 5. The bank asserted its mortgage had priority over the mechanic's liens. *Id.* at ¶ 9. The trial court found the mechanic's lien had priority over the bank's mortgage because the modifications added significant property and did not include a construction mortgage covenant. *Id.* at ¶ 14. On appeal, the bank claimed the trial court erred, inter alia, because its mortgage lien was superior in priority as it arose from a construction mortgage and an open-end mortgage, and the modifications were contemplated by the terms of the original mortgage and related back to the date of the mortgage. *Id.* at ¶ 15. The appellate court noted R.C. 5301.231 does not define the phrase "shall take effect." *Id.* at ¶ 48. The court then found "based on our review of similar statutes," the phrase means a modification is invalid as against other creditors until recorded, and the modification's priority is determined as of the date of recording, not the date the original mortgage was recorded. *Id.*

{¶ 24} Our review of these cases causes us to conclude that we should follow the rationale and holding in *Community Action*, where the court supported its conclusion with a detailed analysis. In contrast, the court in *Panzica* did not undertake such an in-depth analysis in reaching its conclusion that the modifications take effect when recorded. Moreover, the fact situation in *Community Action* is aligned with the facts of this case, as both cases involved a modification of a note where there were no additional funds, the

9.

interest rate was not increased, the repayment period was extended and the monthly payments were reduced. Whereas in *Panzica*, the fact pattern involved a construction loan, several modifications and mechanic's liens.

{¶ 25} We therefore find the recording of the Modification did not affect the priority of the original mortgage. Thus, Bayview's lien has priority over appellant's lien. Accordingly, the trial court did not error when it found, between competing lienholders, the "effective/priority date" of the Modification relates back to the same "effective/ priority date" as the original mortgage. It follows that appellant's first assignment of error is not well-taken.

## Second Assignment of Error

{¶ 26} Appellant contends BOA failed to attach the Modification to its motion to substitute party plaintiff, filed on April 13, 2017, so the substitution order should be vacated. Appellant also advances the argument that BOA did not enter into a mortgage assignment directly with Bayview. Instead, appellant submits BOA assigned to HUD BOA's interest in the February 25, 2008 mortgage, and not the Modification. Then, HUD assigned its interest in the February 25, 2008 mortgage, and not the Modification, to Bayview. As such, appellant asserts, "it is not a stretch to characterize" these mortgage assignments "as an effort by BOA to 'launder' its Loan Modification Agreement * * * out of the 'chain-of-title' of the mortgage assigned to * * * Bayview by HUD, not * * *BOA." Based on this, appellant maintains Bayview does not have a right, title and interest in the Modification, upon which the foreclosure action is based. Appellant submits "[s]uch failure to assign Bayview the right, title, and interest in the

10.

operative modified mortgage * * * directly impacts * * * the efficacy of the April 27, 2017 Final Judgment * * *."

{¶ 27} Bayview counters the substitution of a party is not a substantive issue and substitution was not required, as the action could have continued in BOA's name. Bayview observes appellant does not dispute that BOA transferred its interest in the note to Bayview, and the transfer of a note acts as an equitable assignment of the mortgage. Thus, Bayview contends the trial court did not abuse it discretion by granting the substitution when there is no dispute that the note was transferred.

{¶ 28} Civ.R. 25(C) provides that a party to whom an interest has been transferred may be substituted in an action in place of the party that previously held the interest. *See Boedecker v. Rogers*, 140 Ohio App.3d 11, 19-20, 746 N.E.2d 625 (8th Dist.2000). The substitution of a party operates as if the action had been commenced in the successor party's name. *Id.*; Civ.R. 17(A). A trial court's decision to allow a substitution of parties is reviewed for an abuse of discretion. *Ahlrichs v. Tri-Tex Corp.*, 41 Ohio App.3d 207, 210, 534 N.E.2d 1231 (1st Dist.1987). Thus, we will not reverse the trial court's judgment unless it is arbitrary, unconscionable or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 29} In order to establish an interest in a note or mortgage, the party can show an assignment of either the note or the mortgage. *Fed. Home Loan Mtge. Corp. v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, ¶ 24. One who is not a party to, or a third-party beneficiary of, the assignment of a mortgage, lacks standing to challenge the validity of a mortgage assignment. *Bank of Am., N.A. v. Hizer*, 6th Dist. Lucas No. L-11.

13-1035, 2013-Ohio-4621, ¶ 22. Whether standing exists is a matter of law which we review de novo. *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 23; *Bank of Am., N.A. v. Merlo*, 11th Dist. Trumbull No. 2012-T-0103, 2013-Ohio-5266, ¶ 9.

{¶ 30} Here, appellant challenges both the trial court's order substituting Bayview as a plaintiff as well as the assignment of the mortgage from BOA to Bayview. With respect to the mortgage assignment, appellant was not a party to the mortgage assignment, and has not claimed the status as a third-party beneficiary to the assigned mortgage. As such, appellant does not have standing to challenge the assignment of the mortgage. As to the court's order substituting Bayview as a plaintiff, a review of the record shows the trial court allowed Bayview, as the holder of the note and mortgage, to be substituted for BOA upon its finding that good cause had been shown. We conclude the trial court's decision to grant the motion to substitute party was not arbitrary, unconscionable or unreasonable, and therefore, the trial court did not abuse its discretion. Accordingly, appellant's second assignment of error is not well-taken.

**Third Assignment of Error**

{¶ 31} Appellant contends the trial court's April 27, 2017 Final Judgment Entry of Foreclosure exceeded the relief sought by Bayview in its April 25, 2017 motion for default judgment and far exceeded the scope of Civ.R. 55. In addition, appellant argues the court's judgment failed to reference or include appellant's mortgage and the Modification and, therefore, should be vacated.

12.

**{¶ 32}** We review a trial court judgment granting a motion for default using an abuse of discretion standard. *Tikaradze v. Kenwood Garden Apts.*, 6th Dist. Lucas No. L-11-1217, 2012-Ohio-3735, ¶ 6.

**{¶ 33}** Civ.R. 55(C) provides in relevant part that "a judgment by default is subject to the limitations of Rule 54(C)." In turn, Civ.R. 54(C) states in pertinent part that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."

**{¶ 34}** Here, in BOA's complaint for money judgment and foreclosure against Vasko, BOA alleged Vasko defaulted under the terms of the note and Modification. BOA sought enforcement of the mortgage as its conditions had been broken, and BOA has the right to foreclose on the property. BOA named defendants, United States of America, appellant and Treasurer of Wood County, Ohio, as parties who may claim an interest in the property.

**{¶ 35}** A review of the record shows the trial court, in granting the motion for default, awarded Bayview the relief its predecessor sought in the complaint. In its judgment, the trial court set forth "Vasko [was] in default of Answer or other pleading and thereby confesses the allegations of the Complaint to be true." The court further stated "the liens of any parties that have filed an answer asserting a valid and subsisting lien are hereby transferred to proceeds." The court then ordered the distribution of the proceeds to certain parties. We therefore conclude the trial court did not abuse its discretion in rendering its April 27, 2017 judgment. Accordingly, appellant's third assignment of error is not well-taken.

13.

**{¶ 36}** The judgments of the Wood County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of this appeal, pursuant to App.R. 24, and the clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                               _____
                                                           JUDGE

Arlene Singer, J.                                     _____

James D. Jensen, J.                                  JUDGE
CONCUR.

                                                           _____
                                                           JUDGE