[Cite as *U.S. Bank Natl. Assn. v. Smith*, 2021-Ohio-3592.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2004-HE5, ASSET BACKED CERTIFICATES, SERIES 2004-HE5,

Plaintiff-Appellee,

v.

RONALD J. SMITH, et al.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 0061**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2005 CV 3869

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

**JUDGMENT:**
Affirmed.

*Atty. David A. Wallace* and *Atty. Karen M. Cadieux* ,Carpenter Lipps & Leland LLP, 280 Plaza, Suite 1300, 280 North High Street, Columbus, Ohio 43215, for Plaintiff-Appellee

*Ronald J. Smith*, *Nancy L. Smith*, *Pro se*, 1625 Gully Top Lane, Canfield, Ohio 44406, for Defendants-Appellants.

Dated: September 29, 2021

—————————

**WAITE, J.**

{¶1} Appellants Ronald J. and Nancy Smith ("The Smiths") appeal a June 9, 2020 Mahoning County Common Pleas Court judgment overruling both their objection to a confirmation of sale and their Civ.R. 60(B) Motion. The Smiths raise ten assignments of error, largely attacking the status of Appellee "U.S. Bank NA, successor trustee to Bank of America, successor to LaSalle Bank National Association, as trustee, on behalf of the trust of the Bear Stearns Asset Backed Securities I Trust 2004-HE5, Asset-Backed Certificates, Series 2004-HE5" ("U.S. Bank") as plaintiffs. They also attack the confirmation sale itself. For the reasons provided, the Smiths' arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} This case began on October 13, 2005 when LaSalle National Bank Association ("LaSalle") filed a complaint in foreclosure against the Smiths on behalf of the Bear Stearns Asset Backed Securities I Trust ("the trust"). In the almost sixteen years following filing of the complaint, this matter has been litigated at length in both the state and federal courts. Although the instant appeal involves only the confirmation of sale, a historic view of this matter is necessary to fully understand the issues.

Case No. 20 MA 0061

{¶3} The underlying facts of this matter are laid out at length in *U.S. Bank, Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 17 MA 0093, 2018-Ohio-2489 ("*Smith III*"). The basic facts are addressed, here. On March 5, 2004, the Smiths executed an adjustable rate note in favor of Encore Credit Corporation ("Encore") in the amount of $528,500. *Id.* at ¶ 2. On March 22, 2004, Encore assigned the note and mortgage to LaSalle Bank National Association as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities I LLC Asset Back Certificates, Series 2004-HE5 ("LaSalle").

{¶4} The Smiths stopped paying on the note within three months of executing the note and mortgage. When the Smiths were five payments in arrears, they entered into a forbearance agreement. After their default on the forbearance agreement in April of 2005, they entered into a second forbearance agreement, and again defaulted. A third, and final, forbearance agreement was entered in October of 2005. The Smiths made only one payment under that agreement.

{¶5} LaSalle filed the complaint in foreclosure against the Smiths on October 13, 2005. On January 12, 2007, the trial court granted summary judgment in favor of LaSalle and entered a foreclosure order authorizing foreclosure and sale of the property. The Smiths failed to file an appeal of the court's judgment.

{¶6} Due to almost fourteen years of ensuing (unsuccessful) litigation, the Smiths avoided seven proposed sales of the property, beginning on August 3, 2007. On that date, the Smiths filed a Chapter 13 petition in bankruptcy court and the order of sale effective at that time was withdrawn. Three additional proposed sales were ordered before the matter reached this Court for the first time on August 27, 2012 in *LaSalle Bank*

Case No. 20 MA 0061

*Natl. Assoc. v. Smith*, 7th Dist. Mahoning No. 11 MA 85, 2012-Ohio-4040 ("*Smith I*"). In that case, we affirmed the trial court's denial of the Smith's Civ.R. 60(B) motion.

**{¶7}** Litigation continued, reaching this Court again. On December 20, 2015, we affirmed the trial court's decision to overrule the Smith's motion to vacate the foreclosure order in *LaSalle Bank Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 13 MA 148, 2015-Ohio-5597 ("*Smith II*"). On May 18, 2016, the Ohio Supreme Court declined jurisdiction. Three additional proposed sales were scheduled thereafter; however, the litigation continued. In June of 2016, U.S. Bank appeared in the case as a successor in interest to LaSalle following a merger.

**{¶8}** The matter again reached this Court in *Smith III.* On June 21, 2018, we addressed whether U.S. Bank was the owner of the note and mortgage and whether U.S. Bank fraudulently obtained an order of sale on the property. We affirmed the trial court's decision to overrule the Smith's Civ.R. 60(B) motion. We denied the Smiths' application for reconsideration in *U.S. Bank, Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 17 MA 0093, 2018-Ohio-3770 ("*Smith IV*").

**{¶9}** After the resolution of *Smith IV,* Ronald Smith again filed a Chapter 13 petition in the bankruptcy court on February 19, 2019. On March 22, 2019, U.S. Bank entered an appearance in the bankruptcy proceedings and was granted permission to seek relief in this matter. On October 17, 2019, U.S. Bank filed an order of sale. The Smiths opposed the filing, arguing that it violated the stay order based on their mistaken belief U.S. Bank was not the party that obtained relief from the stay. The court rejected the Smith's argument and approved the order of sale.

**{¶10}** On February 19, 2020, U.S. Bank was the high bidder at the sale with a bid of $327,334.00. On March 10, 2020, the Smiths filed a motion to stay confirmation of the sale, which the trial court denied. On April 27, 2020, the bid was reassigned. Two days later, the trial court confirmed the sale and ordered a distribution of the proceeds.

**{¶11}** On May 15, 2020, the Smiths filed the Civ.R. 60(B) motion at issue in this appeal. On June 9, 2020, the trial court denied the motion without a hearing. It is from this entry that Appellants now appeal.

**{¶12}** We note that the Smiths filed several motions after this appeal commenced. On May 15, 2020, the Smiths filed an unsuccessful motion to stay the proceedings pending appeal. The Smiths then filed a second motion to stay the proceedings. On July 7, 2020, we denied the motion. On July 20, 2020, the Smiths filed a motion for reconsideration. On August 24, 2020, the Smiths filed an emergency motion for temporary restraining order and preliminary injunction. On September 2, 2020, the Smiths filed an emergency motion for a limited remand to the trial court. Finally, on September 22, 2020, the Smiths filed an emergency motion for a seven-day stay. We denied each of the aforementioned motions in an entry on September 30, 2020, and clarified that this appeal in no way involves the foreclosure order. The sole issue before us involves only the confirmation of sale.

<u>Bankruptcy Proceedings</u>

**{¶13}** In a section preceding the Smiths' statement of facts and assignments of error, they raise what they claim is a matter that must be addressed at "inception of this the appeal." (Appellant's Brf., p. 1.) The Smiths argue that the bankruptcy court granted relief to file the instant action to the "Holder," while they contend that it was the "Trust"

who filed the order of sale. Thus, the Smiths argue that the party prosecuting the action underlying the current appeal is not the party that obtained the relief from bankruptcy stay.

{¶14} U.S. Bank responds that this argument is not found within the captioned assignments of error, thus should not be addressed. However, in the event we choose to address the issue, U.S. Bank points out that the "trust" and "holder" are the same entity and this case has entailed discrepancies in the name of the trust and trustees within the case captions.

{¶15} The Smiths filed for Chapter 13 bankruptcy several times throughout the history of this case. Most recently, on February 19, 2019. On June 24, 2019, U.S. Bank moved for relief from the automatic bankruptcy stay in order to seek relief in state court in this case. *In re Smith, Bankr.* N.D. Ohio No. 19-40227, 2019 WL 4897030. The bankruptcy court had previously determined that U.S. Bank "is a party in interest and therefore has the right to pursue relief from stay and the co-debtor stay." *Id.* at 2. Additionally, U.S. Bank demonstrated grounds to seek relief in this matter because it is owed payment in excess of the funds available in a maximum Chapter 13 repayment plan. The court determined the Smiths "lacked candor in filing this case. It was used to stop pending state court litigation, not as a genuine effort to reorganize [their] financial affairs. Consequently, the court finds separate grounds both to grant relief from the automatic stay, the co-debtor stay and to impose in rem relief." *Id.* at 3. Hence, U.S. Bank was granted a two-year period of relief from the stay order.

{¶16} As discussed, this argument is not included in an assignment of error. Perplexingly, it is raised after the table contents and before the statement of facts in Appellants' brief. App.R. 11(A) provides the order in which a brief must be structured: (1)

Case No. 20 MA 0061

table of contents, (2) table of cases, (3) statement of assignments of error presented, (4) statement of the issues presented, (5) statement of the case, (6) statement of the facts, (7) an argument containing the contentions supporting each assignment of error, and (8) a conclusion.

**{¶17}** To the extent that this was meant to serve as an appellate argument, it is not found within an assignment of error in violation of App.R. 11(A)(7). App.R. 11(A)(7) requires "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."

**{¶18}** Accordingly, this argument is non-conforming and not permitted by the appellate rules. Even so, the Smiths have previously raised this issue in one of their federal cases associated with this matter. The argument was rejected and the court explained "[t]he issue of whom can benefit from the lifted bankruptcy stay should have been raised in the bankruptcy court. If that entity were in violation of the bankruptcy order, the bankruptcy court has the authority to enforce its order." *Smith v. U.S. Bank Natl. Assn.*, N.D. Ohio No. 4:20CV1826, 2020 WL 5423972, *2. We agree, this issue has been addressed by the bankruptcy court. US. Bank was expressly granted permission to file the underlying action and any argument regarding opposition as to this issue is more appropriate for the bankruptcy court.

### Limited Issue on Appeal

**{¶19}** Preliminarily, the Smiths continue in this appeal to attack the merits of the foreclosure order. Despite the fact that we clarified in our September 30, 2020 judgment

Case No. 20 MA 0061

entry that the only possible issue now ripe on appeal is the confirmation of sale, the Smiths repeatedly attack U.S. Bank/the trust's status in this matter. As noted by the Ninth District, when an appeal is limited to the confirmation of sale, issues surrounding the ability of a third party to act as a plaintiff and "whether the originator of the loan actually existed and contests whether the loan documents were properly transferred" to the bank are outside the scope of appeal. *Deutsche Bank Natl. Tr. Co. v. Taylor*, 9th Dist. Summit No. 28069, 2016-Ohio-7090, ¶ 14. The Ninth District held that any issues related to standing were also outside the scope of the appeal.

**{¶20}** Here, the Smiths repeatedly challenge the ability of the trust and U.S. Bank to pursue this matter as party plaintiffs. Their argument pertains to the foreclosure order, however. Their current appeal is limited by law to issues surrounding the confirmation of sale. Thus, the Smiths' argument is outside the scope of appeal and is not properly before us.

**{¶21}** In any event, the Smiths have exhausted this issue, which was most recently addressed in *Smith III* and *Smith IV.* In those cases, we acknowledged that "[t]he trust owns the mortgage and note on the property just as it did when LaSalle was the trustee. The ownership of the note and mortgage has not changed; only the trustee assigned to execute the sale of the property has changed. U.S. Bank appears in this case as a successor in interest to the previous trustee." *Smith III* at ¶ 34. Thus, we have previously determined that the trust owns the note and mortgage and that U.S. Bank represents the trust as trustee following its merger with LaSalle. As such, both the trust and U.S. Bank were proper plaintiffs in this matter.

Case No. 20 MA 0061

**{¶22}** Because the ability of the trust and U.S. Bank to pursue this matter is not properly before us and the merits of that issue have been exhausted, we will not further address this argument, despite the fact that it is contained in every assignment of error.

<u>ASSIGNMENT OF ERROR NO. 1</u>

The trial court errored [sic] when it determined that it retained personal jurisdiction necessary to confirm the sale despite the undisputed corporate death of Plaintiff LASALLE and the Smith's Suggestion of Death filed pursuant to Civil Rule 25(A).

**{¶23}** The Smiths argue that as LaSalle ceased to exist as an entity decades ago, LaSalle is the functional equivalent of a deceased human being. Consequently, the Smiths filed a suggestion of death pursuant to Civ.R. 25(A). The Smiths contend that Civ.R. 25(A) applies to corporations and that there is no law to suggest otherwise. Despite the suggestion of death, no party was substituted in place of LaSalle. Because there is nothing in the record to prove that LaSalle and U.S. Bank merged, the Smiths argue no valid party plaintiff exists.

**{¶24}** The Smiths also argue that the trial court's decision failed to include findings of fact and law, so is not binding pursuant to *Lawlor v. Natl. Screen Serv. Corp.*, 349 U.S. 322, 327, 75 S.Ct. 865, 99 L.Ed. 1122 (1955). The Smiths explain that they initially filed an appeal of the trial court's decision but, believing they lacked a final appealable order, dismissed the appeal. Without explanation, the Smiths then filed a writ of prohibition and writ of mandamus in the Ohio Supreme Court. It appears these writs were summarily denied.

<u>Case No. 20 MA 0061</u>

**{¶25}** U.S. Bank responds that the Smiths' argument is an attempt to challenge its right to enforce the judgment, which is outside the scope of the appeal. The argument is also barred by *res judicata* because the Smiths' voluntary dismissal of the appeal created a final decision in the matter in accordance with *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140.

**{¶26}** As to the merits, U.S. Bank argues that Civ.R. 25(A) does not apply to corporations. Instead, we must look to Civ.R. 25(C) which does not require a substitution of parties based on the instant facts. Further, an action cannot be dismissed after a judgment is entered, pursuant to *Grissom v. Ohio Dept. of Job & Family Services,* 2020-Ohio-1608, 153 N.E.3d 986 (8th Dist.). Instead, the remedy is to file a motion to vacate the judgment, several of which have been filed unsuccessfully by the Smiths.

**{¶27}** The Smiths' argument falls outside of the scope of appeal and has been previously addressed by this Court in *Smith III.* As noted by U.S. Bank, "Civ.R. 25(C) provides that a party to whom an interest has been transferred may be substituted in an action in place of the party that previously held the interest. The substitution of a party operates as if the action had been commenced in the successor party's name." (Internal citations omitted.) *Bayview Loan Servicing, LLC v. Vasko*, 2018-Ohio-38, 102 N.E.3d 1204 (6th Dist.), ¶ 28. As we explained in *Smith III*, LaSalle and U.S. Bank merged. Thus, "U.S. Bank appears in this case a successor in interest to the previous trustee. Civ.R. 25 does not require that U.S. Bank file a notice of substitution." *Smith III* at ¶ 34.

**{¶28}** The Smiths' first assignment of error is without merit and is overruled.

ASSIGNMENT OF ERROR NO. 2

Case No. 20 MA 0061

The trial court errored [sic] when it confirmed the sale despite the fact that the party executing the sale was not the Plaintiff that had obtained the judgment in 2007.

ASSIGNMENT OF ERROR NO. 3

The trial court errored [sic] when it ordered proceeds of the sale in the amount of $322,117.75 to be credited to the party acting as the Plaintiff at the time of the sale — the entity known as the TRUST.

**{¶29}** As these assignments of error are related, they will be jointly addressed. These arguments are based on the Smiths' belief that a minor discrepancy in the caption demonstrates the existence of two separate entities in this matter: the "trust" and the "holder." The "holder" is described in one caption as "U.S. Bank NA, successor trustee to Bank of America, successor to LaSalle Bank National Association, as trustee, on behalf of the *holders* of the Bear Stearns Asset Backed Securities I Trust 2004-HE5, Asset-Backed Certificates, Series 2004-HE5." The "trust" is described in another caption as "U.S. National Bank Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as *Trustee* for Bear Stearns Asset Backed Securities Trust 2004-HE5, Asset Backed 2004-HE5." (Appellant's Brf., pp. 6-7.)

**{¶30}** The sole difference in these titles is the use of the word "holder" in the first caption and "trust" in the second. While there is a slight deviation in the caption language, this fact, alone, does not demonstrate the existence of another entity. The Sixth District agreed with an argument by U.S. Bank in an unrelated case that "the use of an

abbreviation in one [* * *], and the spelled-out name in the other [* * *], does not reflect the existence of two different Trustees or change the Trust's ownership of the Note." *U.S. Bank N.A. as Tr. of Holders of J.P. Morgan Mtge. Acquisition Tr. 2006-CH2 v. Hill*, 6th Dist. Ottawa No. OT-17-029, 2018-Ohio-4532, ¶ 23, citing *Smith III* at ¶ 34. While that case involves the use of abbreviations, the same rationale applies, here. Although two different words (trust and holder) are used, it is readily apparent that U.S. Bank is describing its status as trustee in both captions. The slight deviation in words does not demonstrate the existence of two separate entities.

{¶31} The Smiths also argue that LaSalle is the only appropriate party plaintiff in this case. Again, this argument is outside the scope of the appeal. In addition, we previously rejected the Smith's argument that "U.S. Bank 'failed in any way to codify its role in the case' and that the note and mortgage have not been assigned to U.S. Bank." *Smith III* at ¶ 31. We held that U.S. Bank has clearly demonstrated that it is the trustee representing the trust due to the merger with LaSalle. *Id.* at ¶ 33. As such, U.S. Bank was entitled to execute the judgment, receive the proceeds, and file briefs throughout this matter of behalf of the trust.

{¶32} Hence, the Smiths' second and third assignments of error are without merit and are overruled.

<u>ASSIGNMENT OF ERROR NO. 4</u>

The trial court errored [sic] when it determined at point #9 of its April 29, 2020 Confirmation of Sale order that a valid mortgage had been assigned to the TRUST.

## ASSIGNMENT OF ERROR NO. 5

The trial court errored [sic] when it confirmed the sale despite the failure of the TRUST to conform to the requirements of R.C. 2329.091 — Order of Sale.

## ASSIGNMENT OF ERROR NO. 6

The trial court errored [sic] when it confirmed the sale despite the failure of the TRUST to conform to the requirements of R.C. 2329.191 — Final Judicial Report.

## ASSIGNMENT OF ERROR NO. 7

The trial court errored [sic] when it confirmed the sale despite the failure of the TRUST to conform to the requirements of R.C. 2329.211 — Credit Bid.

## ASSIGNMENT OF ERROR NO. 8

The trial court errored [sic] when it confirmed the sale despite the failure of the TRUST to conform to the requirements of R.C. 2329.26 — Notice of Sale.

**{¶33}** In an extension of their earlier argument, the Smiths contend that because the trust is not the party who obtained judgment in 2007, it is not the judgment creditor. Based on this belief, the Smiths argue that the trust was not authorized to file a praecipe

for order of sale, was not the party who filed the final judicial report, and was not permitted to enter a credit bid.

{¶34} In relevant part, R.C. 2329.091(A) provides that "[w]hen a judgment creditor files a praecipe for a writ of execution with a clerk of a common pleas court * * * the clerk shall issue a writ of execution to the levying officer and cause a notice and a hearing request form to be served upon the judgment debtor." As the Smiths argue the trust is not the judgment creditor, it was not authorized to file the praecipe for order of sale.

{¶35} The Smiths cite to a definition of "judgment creditor" found within R.C. 2716.01(C)(3). This definition provides that a "Judgment creditor" is a person who has obtained a judgment in a civil action against another person. U.S. Bank questions whether this definition applies, because this section of the revised code deals with garnishment after judgment. Instead, U.S. Bank cites to Black's Law, which defines a judgment creditor as "[a] person having a legal right to enforce execution of a judgment for a specific sum of money."

{¶36} No matter how the term is defined, the Smiths continue to be confused about the roles of the trust, LaSalle, and U.S. Bank. Again, it is settled that the trust owns the note and mortgage. Judgment was granted in favor of LaSalle as trustee. Following the merger between U.S. Bank and La Salle, U.S. Bank represents the trust as trustee. U.S. Bank stepped into the shoes of LaSalle following its merger. Thus, U.S. Bank (as trustee) is the judgment creditor under any definition.

{¶37} The Smiths' sixth, seventh, and eighth assignments of error are an extension of this argument. The Smiths contend that it was LaSalle which filed the Final Judicial Report on July 12, 2006 and that the trust did not become involved with the action

Case No. 20 MA 0061

until June 3, 2016. The Smiths urge that a praecipe for the order of sale must be completed by the same party that filed the final judicial report, and that this did not happen, here. The Smiths allege they suffered prejudice, as the trust was not the plaintiff or judgment creditor at the time the sale was ordered.

{¶38} The Smiths' argument is again based on their flawed assumption that U.S. Bank and the trust are wholly separate entities. The facts established during the lengthy history of this case demonstrate that the trust has always owned the mortgage and note. *Smith III* at ¶ 34. The Smiths' contention that the trust did not join the action until June of 2016 is incorrect. As discussed in *Smith III,* the sole change involving the parties occurred when U.S. Bank became trustee as successor in interest to LaSalle and was automatically named as a party in this case by virtue of Civ.R. 25(C).

{¶39} In relevant part, R.C. 2329.191 states:

> Prior to submitting any order or judgment entry to a court that would order the sale of the residential real estate, the party submitting the order or judgment entry shall file with the clerk of the court of common pleas a final judicial report that updates the state of the record title to that real estate from the effective date of the preliminary judicial report through the date of lis pendens and includes a copy of the court's docket for the case.

{¶40} LaSalle filed the final judicial report on behalf of the trust on July 12, 2006. The trial court entered the foreclosure order on January 12, 2007. Based on a review of the record, U.S. Bank entered the lawsuit for the first time on June 3, 2016, almost a decade after the trial court's January 12, 2007 foreclosure entry. There appears to be no

Case No. 20 MA 0061

requirement to update the final judicial report after the court enters its order. Hence, the final judicial report was properly filed.

{¶41} The Smiths claim that only the judgment creditor is permitted to use a credit bid. They contend that the trust is not a judgment creditor, and so was required to provide a cash deposit of ten thousand dollars in accordance with R.C. 2329.211. The Smiths assert they were prejudiced because the "sale price was suppressed by allowing a non-judgment creditor to bid against other cash bidders." (Appellant's Brf., p. 22.)

{¶42} In response, U.S. Bank reiterates that it qualifies as a judgment creditor, and was permitted to submit a credit bid. Because the Smiths were served with requisite filings and notices pursuant to R.C 2329.091 and R.C. 2329.26, there was no prejudice.

{¶43} In relevant part, R.C. 2329.211(A)(1) states: "[i]n every action demanding the judicial or execution sale of residential property, if the judgment creditor is the purchaser at the sale, the purchaser shall not be required to make a sale deposit."

{¶44} U.S. Bank submitted a successful bid on the property as a trustee on behalf of the trust. Contrary to the Smiths' belief, the trust itself did not bid on the property. Again, since U.S. Bank is a judgment creditor, it was permitted to enter a credit bid on the property.

{¶45} The Smiths argue, based on their flawed belief that the trust is not the judgment creditor, that the trust was not authorized to file notice of sale with the clerk of courts or to mail the Smiths notice of the sale. Consequently, they conclude the sale is void and must be vacated pursuant to R.C. 2329.27.

{¶46} In relevant part, R.C. 2329.26(A)(1)(a) provides that:

Except as otherwise provided in division (A)(1)(b) of this section, the judgment creditor who seeks the sale of the lands and tenements or the judgment creditor's attorney does both of the following:

(i) Causes a written notice to be served in accordance with divisions (A) and (B) of Civil Rule 5 upon the judgment debtor and upon each other party to the action in which the judgment giving rise to the execution was rendered. Such notice shall include the date, time, and place of the sale if the sale is to be held at a physical location or the start date and web site address of the sale if the sale is to be held online. Such notice shall also include the provisional second sale date described in division (B) of section 2329.52 of the Revised Code, if applicable.

(ii) At least seven calendar days prior to the date of the sale, files with the clerk of the court that rendered the judgment giving rise to the execution a copy of the written notice described in division (A)(1)(a)(i) of this section with proof of service endorsed on the copy in the form described in division (B) of Civil Rule 5.

{¶47} As discussed, U.S. Bank is the judgment creditor. Hence, U.S. Bank appropriately mailed and filed the notice of sale.

{¶48} As such, the Smiths' fourth, fifth, sixth, seventh, and eighth assignments of error are without merit and are overruled.

<u>ASSIGNMENT OF ERROR NO. 9</u>

<u>Case No. 20 MA 0061</u>

The trial court errored [sic] when it confirmed the sale despite the failure of the TRUST to conform to the requirements of R.C. 2329.271— Purchaser Information Form.

**{¶49}** The Smiths copied and pasted what appears to be a scanned portion of the purchaser information form in their brief. The excerpt describes the "Entity/Business Purchaser Entity Legal Name" as "U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor in interest by merger to LaSalle Bank National Association, as Trustee for Bear Stearns Asset Back Securities I Trust 2004-HE5, Asset Backed Certificates, Series 2004-HE5." (Appellant's Brf., p. 25.) A box declaring that the entity is registered with the Secretary of State is checked. The Smiths construe this as a false assertion that the trust is registered with the Secretary of State.

**{¶50}** In so doing, the Smiths seem to abandon their earlier arguments and now assert that "U.S. Bank is inextricably intertwined with the TRUST." (Appellant's Brf., p. 28.) The Smiths first argue that it is unclear whether U.S. Bank acted in a representative role. Then, they argue that the failure of the trust to register with the state automatically negates U.S. Bank's ability to purchase the property on behalf of the trust in a representative capacity.

**{¶51}** U.S. Bank states that the Smiths lack standing to challenge the purchaser information form. U.S. Bank also contends it is not a real estate investment trust, so R.C. 1747.01 does not apply. Even so, U.S. Bank asserts that it is registered with the Secretary of State as noted on the purchaser information form. Even if R.C. 1747.01 did apply, U.S. Bank cites to the language of the statute providing that "the failure of any real

estate business in this state does not affect the validity of any contract with such trust, or the validity of the title to any estate or interest in real property taken, held, or disposed of by such trust."

{¶52} In relevant part, R.C. 1747.02(A) provides that "[n]o real estate investment trust shall be authorized to transact real estate business in this state unless it fully complies with section 1747.03 of the Revised Code." Among its many requirements, R.C. 1747.03 mandates that a real estate investment trust must register with the Secretary of State before it can conduct real estate transactions.

{¶53} R.C. 1747.01(A) defines a real estate investment trust as:

[A] trust created by an instrument, pursuant to common law or enabling legislation, under which any estate or interest in real property is held, managed, administered, controlled, invested, reinvested, or operated by a trustee or trustees for the benefit and profit of persons who are or may become the holders of transferable certificates of beneficial interest, issued pursuant to the provisions of the trust instrument, such transferability being either restricted or unrestricted, which trust intends to comply or has "Internal Revenue Code of 1954," 68A Stat. 3, 26 U.S.C. 1, as now or hereafter amended.

{¶54} Application of this definition appears to be a matter of first impression. However, the Smiths do not argue that U.S. Bank is a real estate investment trust. Instead, they appear to argue that the trust, as the underlying beneficiary, must be

registered with the Secretary of State.  Importantly, the trust itself did not enter a bid on the property.

**{¶55}**  As explained by the Eleventh District, "[a]n essential feature of a trust is the separation of the legal estate of the subject res in the person of the trustee from the equitable estate and beneficial enjoyment thereof in the person of the beneficiary." *Phillips v. May*, 11th Dist. Geauga No. 2003-G-2520, 2004-Ohio-5942, ¶ 40, citing *Hill v. Irons*, 160 Ohio St. 21, 27, 113 N.E.2d 243 (1953); 54 American Jurisprudence (1945) 46, 47, Trusts, Section 35.  As such, "a trust is not a legal person in the same sense that a corporation is a legal person, i.e. having the capacity to sue and be sued and to hold title to real property.  R.C. 1701.13(A) and (D)."  *May* at ¶ 41.

**{¶56}**  A trustee may act in a representative capacity or an individual capacity. *UAP-Columbus JV326132 v. Young*, 10th Dist. Franklin No. 11AP-926, 2012-Ohio-2471, ¶ 16, citing *MacAlpin v. Van Voorhis*, 11th Dist. Nos. 8-176, 8-181, 1981 WL 3787 (Sept. 28, 1981).  "[T]he capacity [in which the trustee is sued] must be clear and the distinction between the two different capacities must be maintained.' " *Id.* at 17.  To determine capacity, a court must look to the complaint and the course of the proceedings.  *Id.*  In this matter, it is apparent from the complaint and course of proceedings that U.S. Bank has acted throughout this matter in a representative role as a trustee.

**{¶57}**  U.S. Bank, as trustee, submitted the bid on behalf of the trust.  It is irrelevant whether this trust is a real estate investment trust because it did not submit a bid or otherwise conduct a real estate transaction.  U.S. Bank conducted the real estate transaction and, although not a real estate investment trust, it is registered with the

Secretary of State. The Smiths' assertion that the trust must also be registered with the Secretary of State is unsupported by any law.

**{¶58}** In addition, the Smiths' argument that the trust fraudulently claimed to be registered with the Secretary of State is contradicted by the passage they cited in their brief. In the scanned passage pasted within their brief, the entity registered with the Secretary of State is "U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2004-HE5, Asset Backed Certificates, Series 2004-HE5." This is a reference to U.S. Bank which represents the trust, not the trust itself. The trust as an entity did not represent to the court that it was registered with the Secretary of State.

**{¶59}** The Smiths' ninth assignment of error is without merit and is overruled.

<u>ASSIGNMENT OF ERROR NO. 10</u>

The trial court errored [sic] when it confirmed the sale without a hearing.

**{¶60}** The Smiths contend that the trial court erred by failing to hold a hearing prior to confirmation of sale. In support of their argument, they cite to *Fed. Natl. Mtge. Assn. v. Day*, 158 Ohio App.3d 349, 2004-Ohio-4514, 815 N.E.2d 730 (2d Dist.) and *Citizens Loan & Sav. Co. v. Stone*, 1 Ohio App.2d 551, 206 N.E.2d 17 (2nd Dist.1965).

**{¶61}** U.S. Bank responds that a trial court is not required to hold a hearing prior to confirming a sale. *Day* did not involve a hearing and is otherwise distinguishable from the instant matter. U.S. Bank correctly points out that *Stone* is no longer good law, as it predated the Rules of Civil Procedure, which supersedes all prior laws that conflict with

the rules. *Union Bank Co. v. Brumbaugh*, 69 Ohio St.2d 202, 205-206, 431 N.E.2d 1020 (1982).

**{¶62}** U.S. Bank also cites to more recent caselaw holding that the decision whether to hold a hearing is discretionary. See *Fid. Tax, LLC v. Hall*, 10th Dist. Franklin No. 16AP-720, 2017-Ohio-5604 and *Deutsche Bank Natl. Tr. Co. v. Taylor*, 9th Dist. Summit No. 28069, 2016-Ohio-7090. In *Hall,* the homeowner requested an evidentiary hearing due to concerns regarding the bank's motion for order of distribution. *Id.* at ¶ 23. The *Hall* court relied on Civ.R. 7(B)(2), which provides: "[t]o expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition." *Id.* at ¶ 24. As the parties had submitted sufficient evidence, the Court held that the trial court did not abuse its discretion in denying the hearing request.

**{¶63}** In *Taylor*, the court explained "[t]he Ohio Supreme Court has held that due process 'does not require that the mortgagor in a foreclosure proceeding must be afforded a hearing prior to the confirmation of sale[.]' *Union Bank Co. v. Brumbaugh*, 69 Ohio St.2d 202, 431 N.E.2d 1020 (1982), syllabus. Instead, if the trial court has complied with 'all of the statutory requirements contained in R.C. 2329.01 to 2329.61, inclusive[,]' whether to hold "a hearing lies within the sound discretion of the trial court." *Taylor* at ¶ 7.

**{¶64}** This record demonstrates that the trial court complied with all relevant statutes. The record is devoid of any evidence to suggest that the trial court abused its discretion in denying a hearing, particularly as this matter has been thoroughly litigated over a span of almost sixteen years.

**{¶65}** As such, the Smiths' tenth assignment of error is also without merit and is overruled.

Conclusion

**{¶66}** The Smiths raise several assignments of error that attack the status of the parties and the confirmation sale. For the reasons provided, the Smiths' arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, P.J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**