[Cite as *Siltstone Resources, L.L.C. v. Ohio Pub. Works Comm.*, 2020-Ohio-729.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

SILTSTONE RESOURCES, LLC,

Plaintiff-Appellee,

v.

STATE OF OHIO PUBLIC WORKS
COMMISSION ET AL.,

Defendants-Appellants

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 BE 0042**

---

Motion for Reconsideration

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Andrew P. Lycans*, Critchfield, Critchfield, & Johnson, LTD., 225 North Market Street, P.O. Box 599, Wooster, Ohio 44691 and *Atty. Manmeet S. Walia*, Siltstone Resources, LLC, 1801 Smith Street, Suite 2000, Houston, Texas 77002 for Plaintiff-Appellee, Siltstone Resources, LLC, and

*Atty. Michael DeWine*, Ohio Attorney General, *Atty. Jennifer Croskey, Atty. James Patterson, Atty. Rachel Huston, Atty. Christie Limbert, Atty. Leigh Bayer*, Assistant

Attorneys General, Executive Agencies Section, 30 East Broad Street, 26th Floor, Columbus, Ohio 43215 for Defendant-Appellant, State of Ohio Public Works Commission, and

*Atty. William B. Benson, Atty. Maribeth Meluch*, Isaac, Wiles Burkholder & Teetor, LLC, Two Miranova Place, Suite 700, Columbus, Ohio 43215 for Defendant-Appellee, The Guernsey County Community Development Corporation and

*Atty. Aaron M. Bruggeman, Atty. Christine Schirra, Atty.  Daniel C. Gibson, Atty. Matthew W. Warnock , Atty. Kara Herrnstein*, Bricker & Eckler LLP, 100 South Third Street, Columbus, Ohio 43215 and *Atty. Zachary M. Simpson*, Gulfport Energy Corporation, 14313 North May Avenue, Suite 100, Oklahoma City, Oklahoma 73134 for Cross-Claim Defendant-Appellee, Gulfport Energy Corporation and

*Atty. Richard V. Zurz, Jr.*, Slater & Zurz, LLP, One Cascade Plaza, Akron, Ohio 44308, for Cross-Claim Defendants-Appellees, Patriot Land Co. and James Coffelt, and

*Atty. John Kevin West*, Steptoe & Johnson PLLC, 41 South High Street, Suite 2200, Columbus, Ohio 43215 and *Atty. Kara Herrnstein*, Bricker & Eckler LLP, 100 South Third Street, Columbus, Ohio 43215 for Cross-Claim Defendant-Appellee, Windsor Ohio, LLC and

*Atty. David K. Schaffner, Schaffner Law Offices, Co., L.P.A,* 132 Fair Avenue, N.W., New Philadelphia, Ohio 44663 and *Atty. Kara Herrnstein*, Bricker & Eckler LLP, 100 South Third Street, Columbus, Ohio 43215 for Cross-Claim Defendant-Appellee, Whispering Pines, LLC and

 *Atty. Erik A. Schramm, Atty. Kyle W. Bickford,* Hanlon, Estadt, McCormick & Schramm Co., LPA, 46457 National Road West, St. Clairsville, Ohio 43950 and *Atty. Kara Herrnstein,* Bricker & Eckler LLP, 100 South Third Street, Columbus, Ohio 43215 for Cross-Claim Defendant-Appellee, Axebridge Energy, LLC and

*Atty. Scott M. Zurakowski, Atty. William G. Williams, Atty. Matthew W. Onest,* Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A., 4775 Munson Street N.W., P.O. Box 36963, Canton, Ohio 44735 and *Atty. Kara Herrnstein,* Bricker & Eckler LLP, 100 South Third Street, Columbus, Ohio 43215 for Cross-Claim Defendant-Appellee, Eagle Creek Farm Properties, Inc. and

 *Atty. William J. Taylor, Atty. Scott D. Eickelberger, Atty. Ryan H. Linn, Atty. David J. Tarbert,* Kincaid, Taylor & Geyer, 50 North Fourth Street, P.O. Box 1030, Zanesville, Ohio 43702, *Atty. Kara Herrnstein,* Bricker & Eckler LLP, 100 South Third Street, Columbus, Ohio 43215 for Cross-Claim Defendant-Appellee, The Bank of Nova Scotia and

Case No. 18 BE 0042

*Atty. Kevin L. Colosimo, Atty. Christopher A. Rogers, Atty. Daniel P. Craig,* Frost Brown Todd LLC, 501 Grant Street, Suite 801, Pittsburgh, Pennsylvania 15219 for Cross-Claim Defendant-Appellee, American Energy-Utica Minerals, LLC.

Dated:
February 26, 2020

**PER CURIAM.**

{¶1}    Defendant-appellee, Gulfport Energy, has filed a motion for reconsideration asking this court to reconsider our decision and judgment entry in which we reversed and remanded the judgment of the Belmont County Common Pleas Court.  See *Siltstone Resources, LLC v. Ohio Pub. Works Commission*, 7th Dist. Belmont No. 18 BE 0042, 2019-Ohio-4916, 137 N.E.3d 144.  Defendant-appellee, Guernsey County Community Development Corporation, has likewise filed a motion for reconsideration of that decision along with a motion for leave to file the motion for reconsideration.

{¶2}    App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed.  *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981).  The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been.  *Id.*  An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court.  *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996).  Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law.  *Id.*

{¶3}    A motion for reconsideration must be filed within ten days of the judgment.  App.R. 26(A)(1)(a).  Our judgment in this case was filed on November 25, 2019.  Therefore, any motions for reconsideration had to be filed by December 5, 2019.  Both Gulfport and Guernsey County filed their motions on December 6, 2019.  Thus, both motions were untimely.

{¶4}    App.R. 14(B) provides:

For good cause shown, the court, upon motion, may enlarge or reduce the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of the prescribed time. The court may not enlarge or reduce the time for filing a notice of appeal or a motion to certify pursuant to App. R. 25. *Enlargement of time to file an application for reconsideration* or for en banc consideration pursuant to App. R. 26(A) *shall not be granted except on a showing of extraordinary circumstances*.

(Emphasis added).

{¶5}   Thus, per the Appellate Rules, an appellate court may permit an act to be done after the expiration of the prescribed time when good cause is shown.  But this standard does not apply to motions for reconsideration.  An appellate court only has the authority to grant leave to file a delayed motion for reconsideration if there is a showing of extraordinary circumstances.  In this case, neither Gulfport nor Guernsey County have indicated any extraordinary circumstances. Gulfport does not provide any reason for its late filing.  And the only reason Guernsey County provided is that it did not receive a copy of the decision until December 2, 2019, which does not constitute an extraordinary circumstance.

{¶6}   For the reasons stated, the applications for reconsideration are denied.


**JUDGE GENE DONOFRIO**


**JUDGE CHERYL L. WAITE**


**JUDGE CAROL ANN ROBB**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**


<u>Case No. 18 BE 0042</u>