[Cite as *U.S. Bank Natl. Assn. v. Smith*, 2022-Ohio-1450.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2004-HE5, ASSET BACKED CERTIFICATES, SERIES 2004-HE5,

Plaintiff-Appellee,

v.

RONALD J. SMITH, et al.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 20 MA 0061

---

Appellants' Motion for Reconsideration

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. David A. Wallace* and *Atty. Karen M. Cadieux* ,Carpenter Lipps & Leland LLP, 280 Plaza, Suite 1300, 280 North High Street, Columbus, Ohio 43215, for Plaintiff-Appellee

*Ronald J. Smith*, *Nancy L. Smith*, *Pro se*, 1625 Gully Top Lane, Canfield, Ohio 44406, for Defendants-Appellants.

Dated: March 31, 2022

---

**PER CURIAM.**

**{¶1}** Appellants Ronald and Nancy Smith have filed an Application for Reconsideration of this Court's Opinion in *U.S. Bank Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 20 MA 0061, 2021-Ohio-3592 ("*Smith V*"). In so doing, they raise six assignments of error concerning Appellee U.S. Bank's status as a party in this matter and a stay executed by the Bankruptcy Court. For the reasons provided, Appellants' application is denied.

<u>Factual and Procedural History</u>

**{¶2}** As we previously noted, this case has been litigated extensively in state, federal, and bankruptcy courts. This matter began on October 13, 2005, twenty-one years ago. The facts of this matter are detailed in several Opinions released by this Court, most recently in *Smith V.*

**{¶3}** This case began on October 13, 2005 when LaSalle National Bank Association filed a complaint in foreclosure against the Smiths on behalf of the Bear Stearns Asset Backed Securities I Trust ("the trust"). Litigation has continued throughout the twenty-one years that followed. This Court has addressed this matter five times to date. See *LaSalle Bank Natl. Assoc. v. Smith*, 7th Dist. Mahoning No. 11 MA 85, 2012-Ohio-4040 ("*Smith I*"); *LaSalle Bank Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 13 MA 148, 2015-Ohio-5597 ("*Smith II*"); *U.S. Bank, Natl. Assn. v. Smith*, 7th Dist. Mahoning No.

<u>Case No. 20 MA 0061</u>

17 MA 0093, 2018-Ohio-2489 ("*Smith III*"); *U.S. Bank, Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 17 MA 0093, 2018-Ohio-3770 ("*Smith IV*"); and *Smith V.*

Reconsideration

The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been.

*Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), paragraph one of the syllabus.

**{¶4}** App.R. 26(A)(1)(a) states, in relevant part: "[a]pplication for reconsideration of any cause or motion submitted on appeal shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App. R. 30(A)."

**{¶5}** Appellant's judgment was mailed to his counsel and a note relevant to this mailing was placed on the docket on October 5, 2021. In order to be timely, an application was required to be filed no later than October 15, 2021. As Appellants filed their application on October 14, 2021, it is timely.

**ASSIGNMENT OF ERROR NO. 1**

**That LaSalle Bank and U.S. Bank merged.**

**ASSIGNMENT OF ERROR NO. 4**

**That Civil Rule 25(C) applies to the facts of the case.**

Case No. 20 MA 0061

## ASSIGNMENT OF ERROR NO. 6

**That any argument made since November 2, 2018 is barred by *res judicata*.**

{¶6} Appellants continue to reargue decisions that are several years old, in *Smith III* and *Smith IV.* This Court long ago resolved all of the issues as to whether U.S. Bank was the proper plaintiff. After this Court's resolution of the issues regarding Civ.R. 25 in *Smith III*, Appellants filed a motion for reconsideration in *Smith IV*. Additionally, the issue of U.S. Bank as a party plaintiff was also raised to the federal court after the conclusion of *Smith IV. Smith v. U.S. Bank Natl. Assn.,* N.D.Ohio No. 4:20CV1826, 2020 WL 5423972, *2. Appellants cannot repeatedly attack the merits of an issue that has already been resolved. If Appellants wished to further contest whether U.S. Bank was the proper plaintiff, that issue could and should have been appealed to the Supreme Court following our decision in either *Smith III* or *Smith IV*. As the issue has been exhausted at both the state and federal levels, Appellants' arguments are without merit.

## ASSIGNMENT OF ERROR NO. 2

**That this court is not required to determine its own jurisdiction despite the existence of an active bankruptcy case among one or more of the parties.**

## ASSIGNMENT OF ERROR NO. 3

**That the bankruptcy court made a determination on the issue of stay violation.**

**{¶7}** Appellants misread our Opinion to reflect that the purported bankruptcy stay violation has already been addressed and determined by the Bankruptcy Court. Contrary to Appellants' assertion, we acknowledged that "US. Bank was expressly granted permission to file the underlying action and any argument regarding opposition as to this issue is more appropriate for the bankruptcy court." *Smith V* at ¶ 18. In other words, if there is an alleged violation of a stay put in place by the Bankruptcy Court, only that court has the authority to enforce its order.

## ASSIGNMENT OF ERROR NO. 5

**That the "TRUST' and the "HOLDERS" are one entity.**

**{¶8}** Appellants repeat several arguments found within their first, fourth, and sixth assignments of error which will not be again addressed. However, they also take issue with this Court's determination that the "trust" and the "holders" are one in the same. In so doing, Appellants contest the logic used by the Court. As Appellants raise no obvious error in this Court's determination nor any issue not addressed by this Court, they do not meet the standard for reconsideration.

### Conclusion

**{¶9}** It is clear from Appellants' arguments that they merely disagree with the decision of and logic used by this Court, which is not the appropriate basis for reconsideration. "Reconsideration motions are rarely considered when the movant simply disagrees with the logic used and conclusions reached by an appellate court." *State v. Himes*, 7th Dist. Mahoning No. 08 MA 146, 2010-Ohio-332, ¶ 4; *Victory White Metal Co. v. Motel Syst.*, 7th Dist. Mahoning No. 04 MA 245, 2005-Ohio-3828; *Hampton v. Ahmed*, 7th Dist. Belmont No. 02 BE 66, 2005-Ohio-1766.

**{¶10}** As noted by the Federal Court in one of the Smith's filings:

"[T]he jurists in this District have been understandably patient with Plaintiffs' pro se filings. There comes a time, however, when Plaintiffs can no longer be allowed to use the judicial system to forestall the execution of the foreclosure judgment. A court's ability to perform its duties is compromised when it is forced to devote limited resources to the processing of repetitious and frivolous filings."

*Smith v. U.S. Bank Natl. Assn.*, N.D.Ohio No. 4:20CV1826, 2020 WL 5423972, *2, citing *In re Sindram*, 498 U.S. 177, 179-80 (1991).

**{¶11}** Accordingly, Appellants' Application for Reconsideration is denied.

**JUDGE CHERYL L. WAITE**

**JUDGE GENE DONOFRIO**

**JUDGE CAROL ANN ROBB**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 20 MA 0061