[Cite as *Carpenter v. Carpenter*, 2023-Ohio-1496.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

MARY LOU CARPENTER, INDIVIDUALLY, AND AS ADMINISTRATRIX
OF THE ESTATE OF JERRY N. CARPENTER, DECEASED,

Plaintiff-Appellee,

v.

ROGER D. CARPENTER, INDIVIDUALLY, AND AS TRUSTEE OF THE
CARPENTER FAMILY TRUST U/A DATED JANUARY 27, 2014, ET AL.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 BE 0049

---

Application for Reconsideration

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Erik A. Schramm, Atty. Kyle W. Bickford* and *Atty. Erik A. Schramm, Jr.,* Hanlon, McCormick, Schramm, Bickford & Schramm Co., LPA, 46457 National Road West, St. Clairsville, Ohio 43950, for Plaintiff-Appellee and

*Atty. Clifford C. Masch* and *Atty. Brian D. Sullivan*, Reminger Co., L.P.A., 101 West Prospect Room, Suite 1400, Cleveland, Ohio 44115, for Defendants-Appellants Timothy P. Jarvis and Jarvis Law Office, LLC.

Dated: May 4, 2023

**PER CURIAM.**

{¶1} On February 6, 2023, Appellants, Jarvis Law Office, LLC and Attorney Timothy Jarvis, filed an application pursuant to App. R. 26(B) seeking reconsideration of our opinion and judgment entry in *Carpenter v. Carpenter*, 7th Dist. Belmont No. 21 BE 0049, 2023-Ohio-274, (J. Waite, dissenting in part).

{¶2} In the January 27, 2023 opinion and judgment entry, the panel affirmed the entry of summary judgment by the trial court in favor of Appellee, Mary Lou Carpenter, individually and as Administratrix of the Estate of Jerry N. Carpenter, deceased, and against Appellants on Appellee's claims for lack of capacity relating to the Carpenter Family Trust u/a dated January 27, 2014 ("Trust"), in which Jerry, who suffered from dementia and resided in a nursing home at the time the Trust was created, is the grantor; undue influence; and fraud.

{¶3} The majority of the panel also affirmed the trial court's entry of summary judgment on Appellee's claim for intentional interference with expectation of inheritance ("IIEI") and her motion for attorney fees. The dissent, on the other hand, concluded Appellee failed to establish the elements of IIEI, and the attorney fees award was unwarranted insofar as the trial court made no finding of actual malice.

{¶4} Reconsideration "provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." *Deutsche Bank Natl. Trust Co. v. Knox*, 7th Dist. Belmont No. 09-BE-4, 2011-Ohio-421, ¶ 2. "When presented with an application for reconsideration * * *, an appellate court must determine whether the application calls to the court's attention an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Norman v. Kellie Auto Sales, Inc.*, 2020-Ohio-6953, 165 N.E.3d 805, ¶ 7 (10th Dist.), aff'd, 167 Ohio St.3d 151, 2022-Ohio-1198, 189 N.E.3d 784.

{¶5} "A panel could conceivably make any number of obvious errors justifying reconsideration including a factual error, a procedural error, or an error of law." *Id.* However, mere disagreement with the majority's logic and conclusions does not support an application for reconsideration. *Hampton v. Ahmed*, 7th Dist. Belmont No. 02 BE 66,

2005-Ohio-1766, ¶ 16 ("An application for reconsideration may not be filed simply on the basis that a party disagrees with the prior appellate court decision.")

**{¶6}** In the application for reconsideration, Appellants argue "even if this Court were to believe that an award of attorney fees would be merited, it is without legal authority to uphold an award of attorney fees absent a finding by the trial court of punitive damages. Because the trial court found no punitive damages, this Court cannot uphold an award of attorney's fees." (2/6/23 Application, p. 2.)

**{¶7}** As Appellants simply disagree with our interpretation of Ohio law, the application for reconsideration is denied.

**JUDGE DAVID A. D'APOLITO**

**JUDGE CHERYL L. WAITE**

**JUDGE MARK A. HANNI**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**

Case No. 21 BE 0049