[Cite as *U.S. Bank Natl. Assn. v. Smith*, 2023-Ohio-1940.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

U.S. BANK NATIONAL ASSOCIATION,

Plaintiff-Appellee,

v.

RONALD J. SMITH ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0111**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2005 CV 03869

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. David A. Wallace* and *Atty. Karen M. Cadieux,* Carpenter Lipps & Leland LLP, 280 Plaza, Suite 1300, 280 North High Street, Columbus, Ohio 43215, for Plaintiff-Appellee U.S. Bank National Association as Trustee and

Ronald J. Smith and Nancy L. Smith, *Pro Se*, 4525 North 66th Street #53, Scottsdale, Arizona 85251, Defendants-Appellants.

Dated:  June 12, 2023

**D'Apolito, P.J.**

**{¶1}** Defendants-Appellants, Ronald J. Smith and Nancy L. Smith, appeal the judgment of the Mahoning County Court of Common Pleas overruling their second motion for relief from judgment filed pursuant to Civ R. 60(B), which challenges the distribution of the sale proceeds to U.S. Bank, National Association ("U.S. Bank"), successor trustee to Bank of America, National Association ("Bank of America"), successor by merger to LaSalle Bank, National Association ("LaSalle"), as trustee, on behalf of the trust of the Bear Stearns Asset Backed Securities I Trust 2004-HE5, Asset-Backed Certificates, Series 2004-HE5 (collectively "trust"), in this foreclosure action. Appellants argue that the trial court erred in distributing the proceeds of the sale to the trust because LaSalle, not U.S. Bank, is the trustee named in the 2007 foreclosure order.

**{¶2}** Appellants' original Civ. R. 60(B) motion challenging the confirmation entry of sale and distribution of proceeds issued on April 29, 2020 ("Confirmation/Distribution order") was the subject of a previous appeal. Because Appellants could have advanced the argument raised in their second 60(B) motion in their original 60(B) motion, we find that Appellants' second 60(B) motion is barred by res judicata. Even assuming arguendo that the second 60(B) motion is properly before us, we find that the trust is the holder in this case, and therefore the trial court did not err in distributing the proceeds of the sale to the trust, by way of U.S. Bank, the current trustee.

## FACTS AND PROCEDURAL HISTORY

**{¶3}** This case began on October 13, 2005 when the trust, with LaSalle acting as trustee, filed a complaint in foreclosure against Appellants. In the almost eighteen years that have followed, this matter has been the subject of continuous litigation in both the state and federal courts. The above-captioned appeal marks the fifth occasion the matter has been before us.

**{¶4}** The underlying facts are presented in detail in *U.S. Bank, Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 17 MA 0093, 2018-Ohio-2489, reconsideration denied, 7th Dist. Mahoning No. 17 MA 0093, 2018-Ohio-3770 ("*Smith III*"). However, the following summary of those facts informs our decision.

**{¶5}** On March 5, 2004, Appellants executed an adjustable rate note in favor of Encore Credit Corporation ("Encore") in the amount of $528,500. On March 22, 2004, Encore assigned the note and mortgage to the trust, with LaSalle acting as trustee.

**{¶6}** Appellants defaulted within three months of executing the note and mortgage. When Appellants were five payments in arrears, they entered into a forbearance agreement.

**{¶7}** After their default on the forbearance agreement in April of 2005, they entered into a second forbearance agreement, and again defaulted. A third, and final, forbearance agreement was entered in October of 2005. Appellants made only one payment under that agreement.

**{¶8}** As previously stated, the trust filed the complaint in foreclosure against Appellants on October 13, 2005. On January 12, 2007, the trial court granted summary judgment in favor of the trust and entered the order authorizing foreclosure and sale of the property. Appellants did not file an appeal of the foreclosure order. Bank of America acquired LaSalle in April of 2007, and LaSalle merged with Bank of America in October of 2007.

**{¶9}** Despite over a decade of challenges to the validity of the foreclosure order, the foreclosure order remains in effect. Nonetheless, Appellants successfully avoided countless proposed sales of the property, dating back to August 3, 2007. On that date, for instance, Appellants filed a Chapter 13 petition in bankruptcy court and the order of sale effective at that time was withdrawn.

**{¶10}** The matter reached us for the first time on August 27, 2012 in *LaSalle Bank Natl. Assoc. v. Smith*, 7th Dist. Mahoning No. 11 MA 85, 2012-Ohio-4040 ("*Smith I*"). In that case, we affirmed the trial court's denial of Appellants' Civ.R. 60(B) motion.

**{¶11}** Litigation continued and a second appeal was filed in 2013. On December 20, 2015, we affirmed the trial court's decision overruling Appellants' motion to vacate the foreclosure order in *LaSalle Bank Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 13 MA 148, 2015-Ohio-5597 ("*Smith II*"). On May 18, 2016, the Ohio Supreme Court declined jurisdiction. Three additional proposed sales were scheduled and cancelled thereafter due to continuing litigation. In June of 2016, U.S. Bank appeared as trustee in the case as a successor in interest to Bank of America.

Case No. 22 MA 0111

**{¶12}** The matter reached us again in *Smith III*. On June 21, 2018, we addressed Appellants' assertion that U.S. Bank was not the owner of the note and mortgage and therefore fraudulently obtained the then most-recent order of sale. We affirmed the trial court's decision overruling Appellants' Civ.R. 60(B) motion. In so doing, we explained U.S. Bank's role in the foreclosure action:

> Appellants base their request for relief solely on their contention that U.S. Bank committed a fraud on the court when it filed the praecipe for order of sale on February 23, 2017 because U.S. Bank has admitted that it does not own the note and mortgage on the property.
>
> Appellants' fraud claim is based on correspondence from U.S. Bank dated August 16, 2016. This letter, however, clearly states that U.S. Bank is the trustee representing the trust that does own the note and mortgage on the property. The correspondence further explains that U.S. Bank is not the lender or servicer for the mortgage on the property, and that the servicer, with the authority and responsibility to make decisions and take action regarding individual mortgage loans, is a party to the trust. (8/11/16 Correspondence, attached to 60(B) motion as Def. Exh. A1-2.)
>
> Based on this correspondence, as well as U.S. Bank's marketing materials, Appellants somehow conclude that U.S. Bank is not the real party in interest and thus that it has perpetrated a fraud on the court by seeking an order of sale. However, Appellants misunderstand U.S. Bank's role in this foreclosure action. The trust owns the mortgage and note on the property just as it did when LaSalle was the trustee. The ownership of the note and mortgage has not changed; only the trustee assigned to execute the sale of the property has changed. U.S. Bank appears in this case as a successor in interest to the previous trustee. Civ.R. 25 does not require that U.S. Bank file a notice of substitution. Due to this crucial fact, Appellants have not shown any fraud on the part of U.S. Bank.

*Smith III* at ¶ 32-34.

{¶13} In order to prevent yet another sale of the property, Appellants again filed a Chapter 13 petition in the bankruptcy court on February 19, 2019. On March 22, 2019, the trust entered an appearance in the bankruptcy proceedings and was granted permission to seek relief in this matter. On October 17, 2019, the trust sought an order of sale. Appellants argued that the proposed sale violated the stay order based on their mistaken belief that the trust was not the party that obtained relief from the stay. The trial court rejected Appellants' argument and approved the order of sale.

{¶14} On February 19, 2020, the trust was the high bidder at the sale with a bid of $327,334.00. On March 10, 2020, Appellants filed a motion to stay confirmation of the sale, which the trial court overruled. On April 27, 2020, the bid was re-assigned. Two days later, the trial court issued the Confirmation/Distribution order at issue in the current appeal.

{¶15} On May 15, 2020, Appellants filed the original Civ.R. 60(B) motion challenging the Confirmation/Distribution order, which was summarily overruled. Despite Appellants' continued attempts to challenge the order of foreclosure in their appeal of the original 60(B) motion, we limited Appellants' arguments to the Confirmation/Distribution order and affirmed the judgment of the trial court on September 29, 2021. *U.S. Bank Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 20 MA 0061, 2021-Ohio-3592, reconsideration denied, 7th Dist. Mahoning No. 20 MA 0061, 2022-Ohio-1450 ("*Smith IV*").

{¶16} *Smith IV* reads, in relevant part:

Preliminarily, the Smiths continue in this appeal to attack the merits of the foreclosure order. Despite the fact that we clarified in our September 30, 2020 judgment entry that the only possible issue now ripe on appeal is the confirmation of sale, the Smiths repeatedly attack U.S. Bank/the trust's status in this matter. As noted by the Ninth District, when an appeal is limited to the confirmation of sale, issues surrounding the ability of a third party to act as a plaintiff and "whether the originator of the loan actually existed and contests whether the loan documents were properly transferred" to the bank are outside the scope of appeal. *Deutsche Bank Natl. Tr. Co. v. Taylor*, 9th Dist. Summit No. 28069, 2016-Ohio-7090, ¶ 14.

The Ninth District held that any issues related to standing were also outside the scope of the appeal.

Here, the Smiths repeatedly challenge the ability of the trust and U.S. Bank to pursue this matter as party plaintiffs. Their argument pertains to the foreclosure order, however. Their current appeal is limited by law to issues surrounding the confirmation of sale. Thus, the Smiths' argument is outside the scope of appeal and is not properly before us.

In any event, the Smiths have exhausted this issue, which was most recently addressed in Smith III and [the order on the application for reconsideration. There], we acknowledged that "[t]he trust owns the mortgage and note on the property just as it did when LaSalle was the trustee. The ownership of the note and mortgage has not changed; only the trustee assigned to execute the sale of the property has changed. U.S. Bank appears in this case as a successor in interest to the previous trustee." Smith III at ¶ 34. Thus, we have previously determined that the trust owns the note and mortgage and that U.S. Bank represents the trust as trustee *following its merger with LaSalle.*[1] As such, both the trust and U.S. Bank were proper plaintiffs in this matter.

Because the ability of the trust and U.S. Bank to pursue this matter is not properly before us and the merits of that issue have been exhausted, we will not further address this argument, despite the fact that it is contained in every assignment of error.

(Emphasis added) *Smith IV* at ¶ 19-22.

{¶17} On September 20, 2022, Appellants filed a second motion for relief from judgment predicated upon "prima facie evidence that fraud was committed by U.S. Bank

---

[1] *Smith IV* misstates that U.S. Bank became the successor trustee following a merger with LaSalle. In fact, LaSalle merged with Bank of America in 2007. U.S. Bank became the successor trustee to Bank of America in 2016.

and its attorneys to secure [the April 29, 2020 judgment entry confirming that sale and the June 9, 2020 judgment entry overruling Appellants' objection to the Confirmation/Distribution order.]" (9/20/22 Am. Mot., p. 1.) On September 26, 2022, the trial court summarily overruled the motion, without allowing the full measure of time for a response from the trust. This timely appeal followed.

## ANALYSIS

{¶18} In *CitiMortgage, Inc. v. Roznowski*, 138 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, the Supreme Court of Ohio opined that foreclosure actions proceed in two stages, each of which ends in a final, appealable judgment: the order of foreclosure and the confirmation of sale. *Id.* at ¶ 39. The order of foreclosure determines the extent of each lienholder's interest, sets out the priority of the liens, determines the other rights and responsibilities of each party, and orders the property to be sold by sheriff's sale. *Id.*; R.C. 2323.07. On appeal, parties may challenge the court's decision to grant the decree of foreclosure. *Roznowski* at ¶ 39. Once the foreclosure decree is final and upon completion of the appeals process, the rights and responsibilities of the parties under the foreclosure decree may no longer be challenged. *Id.*

{¶19} The confirmation of sale is an ancillary proceeding limited to whether the sheriff's sale conformed to law. *Id.* at ¶ 40. Under R.C. 2329.31(A), if the trial court, "on careful examination of the proceedings," finds that the sale conformed with R.C. 2329.01 through 2329.61, inclusive, then the court enters an order confirming the sale and orders the dispersal of the proceeds.

{¶20} Rather than asserting a statutory conformance challenge to the Confirmation/Distribution order, Appellants instead appealed two successive 60(B) motions. Rule 60(B), captioned "Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; Etc.," reads:

> On motion and upon such terms as are just, the court may relieve a party
> or his legal representative from a final judgment, order or proceeding for the
> following reasons: (1) mistake, inadvertence, surprise or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been
> discovered in time to move for a new trial under Rule 59(B); (3) fraud

Case No. 22 MA 0111

(whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

**{¶21}** "The standard of review used to evaluate the trial court's decision to deny or grant a Civ.R. 60(B) motion is abuse of discretion." *Paczewski v. Antero Resources Corp.*, 7th Dist. Monroe No. 18 MO 0016, 2019-Ohio-2641, 2019 WL 2722600, ¶ 27. "Abuse of discretion connotes more than an error of judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable." *Allstate Ins. Co. v. Wilburn*, 7th Dist. Mahoning 21 MA 0079, 2022-Ohio-2026, 2022 WL 2161431, ¶ 8.

**{¶22}** The doctrine of res judicata "prevents the successive filings of Civ.R. 60(B) motions [for] relief from a valid, final judgment when based upon the same facts and same grounds or based upon facts that could have been raised in the prior motion." *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 8, citing *Beck-Durell Creative Dept., Inc. v. Imaging Power, Inc.*, 10th Dist. Franklin No. 02AP-281, 2002-Ohio-5908, 2002 WL 31417757, ¶ 25. When a successive Civ.R. 60(B) motion is based on the same grounds and either the same facts or facts that could have been raised in the first Civ.R. 60(B) motion, the second motion is procedurally barred.

## <u>ASSIGNMENT OF ERROR NO. 1</u>

**THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN ON APRIL 29, 2020, IT SIGNED THE CONFIRMATION OF SALE AND DISTRIBUTION OF PROCEEDS ORDER BECAUSE THE COURT IMPROPERLY PERMITTED U.S. BANK NATIONAL ASSOCIATION TO MISREPRESENT THAT IT WAS THE PLAINTIFF AND THEREFORE THE**

PARTY ENTITLED TO RECEIVE PROCEEDS FROM THE SALE OF THE SMITH'S [SIC] HOME INSTEAD OF REQUIRING THE BANK TO FILE A MOTION 60(B) TO CHANGE THE UNDERLYING JUDGMENT.

## ASSIGNMENT OF ERROR NO. 2

THE COURT OF COMMON PLEAS ERRED IN DENYING THE MOTION OF THE SMITH'S [SIC] FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE BECAUSE THE MOTION WAS MADE WITHIN A REASONABLE TIME AND LESS THAN ONE YEAR AFTER THE ENTRY OF THE TRIAL COURT'S DECISION WHEN TOLLING IS FACTORED IN. THE SMITHS HAVE A MERITORIOUS DEFENSE AS CONTEMPLATED BY CIV.R. 60(B)(1) BECAUSE OF MULTIPLE MISTAKES BY THE TRIAL COURT.

## ASSIGNMENT OF ERROR NO. 3

THE COURT OF COMMON PLEAS ERRED IN DENYING THE MOTION OF THE SMITH'S [SIC] FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE BECAUSE THAT MOTION WAS MADE WITHIN A REASONABLE TIME AND LESS THAN ONE YEAR AFTER THE ENTRY OF THE TRIAL COURT'S DECISION WHEN TOLLING IS FACTORED IN. THE SMITHS HAVE A MERITORIOUS DEFENSE AS CONTEMPLATED BY CIV.R. 60(B)(3) BECAUSE FRAUD WAS COMMITTED BY AN ADVERSE PARTY WHEN U.S. BANK INSERTED ITSELF AS THE PLAINTIFF SO THAT IT COULD IMPERMISSIBLY CLAIM TO BE ONE OF THE PARTIES TO RECEIVE A DISTRIBUTION OF PROCEEDS FROM THE FORECLOSURE SALE.

## ASSIGNMENT OF ERROR NO. 4

THE COURT OF COMMON PLEAS ERRED IN DENYING THE MOTION OF THE SMITH'S [SIC] FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE BECAUSE

**THAT MOTION WAS MADE WITHIN A REASONABLE TIME AFTER THE ENTRY OF THE TRIAL COURT'S DECISION WHEN TOLLING IS FACTORED IN. THE SMITHS HAVE A MERITORIOUS DEFENSE AS CONTEMPLATED BY CIV.R. 60(B)(5) BECAUSE FRAUD WAS COMMITTED BY ATTORNEYS OF U.S. BANK WHEN THE ATTORNEYS REPRESENTING U.S BANK INSERTED ITSELF AS THE PLAINTIFF SO THAT IT COULD IMPERMISSIBLY CLAIM TO BE ONE OF THE PARTIES TO RECEIVE A DISTRIBUTION OF PROCEEDS FROM THE FORECLOSURE SALE.**

## ASSIGNMENT OF ERROR NO. 5

**THE TRIAL COURT ERRED WHEN IT FAILED TO EXERCISE ITS INHERENT POWER PURSUANT TO CIV.R. 60(B)(5) — "ANY OTHER REASON JUSTIFYING RELIEF" TO REVERSE A CLEARLY ERRONEOUS DECISION.**

{¶23} In their second 60(B) motion challenging the Confirmation/Distribution order, Appellants argue that U.S. Bank was not the named trustee in the foreclosure order, and therefore the trial court erred in distributing the sale proceeds to the trust.  In its appellate brief, the trust argues that Appellants' second 60(B) motion is barred by res judicata. Appellees do not address the substantive arguments made therein. Moreover, the trial court overruled the 60(B) motion without allowing time for the trust to file a brief in opposition.  As a result, Appellants assert (as they have in previous appeals) that the argument raised by the trust is raised for the first time on appeal and should not be considered.

{¶24} Specifically, Appellants argue that the Confirmation/Distribution order directs the remaining proceeds of the sale to:

U.S. National Bank Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Bear Stearns Asset

Backed Securities I Trust 2004-HE5, Asset Backed Certificates, Series 2004-HE5;

whereas the foreclosure order was entered in favor of:

LaSalle Bank National Association, as Trustee for Bear Stearns Asset Backed Securities I Trust 2004-HE5, Asset Backed Certificates, Series 2004-HE5.

**{¶25}** Appellants cite *Governors Place Condominium Owners Assn., Inc. v. Unknown Heirs of Polson*, 11th Dist. Lake No. 2016-L-070, 2017-Ohio-885 for the proposition that the trial court was without authority to distribute the sale proceeds to U.S. Bank, who is not named in the foreclosure order. The Eleventh District in *Governors* held that a non-party to a foreclosure order must file a 60(B) motion in order to: (1) establish its interest in the property; and (2) amend the order of foreclosure to reflect that interest, before the trial court may distribute the proceeds of the sale to the non-party.

**{¶26}** In *Governors*, the foreclosure action was instituted by a condominium association to collect overdue fees from the condominium owner. U.S. Bank was named as a defendant acting as trustee for the holders of the CSFB Mortgage Securities, Corp., Adjustable Rate Mortgage Trust 2005-8, Adjustable Rate Mortgage Backed Pass-Through Certificates, Series 2005-8.

**{¶27}** Before the foreclosure order was entered, Governors filed a motion to substitute Nationstar Mortgage, LLC ("Nationstar") as a party defendant, following the assignment of the mortgage (and presumably the note) to Nationstar.

**{¶28}** After the issuance of the foreclosure order, which recognized Nationstar's interest in the property, and the sale, Nationstar filed a motion to substitute U.S. Bank as a party-defendant. Nationstar attached to its motion a "Corporate Assignment of Mortgage," dated March 19, 2015, which stated "the assignment is being recorded to correct the assignee name in the assignment recorded 07/05/2011."

**{¶29}** Nationstar asserted that U.S. Bank was the actual holder of the note and mortgage, as was originally alleged in the complaint. The trial court granted the motion to substitute, and U.S. Bank filed an answer and a motion for distribution of the proceeds

from the sale. After satisfying the priority liens, the trial court distributed the remainder of the proceeds to U.S. Bank.

**{¶30}** The Eleventh District concluded that U.S. Bank, which was not named in the foreclosure order, was required to file a 60(B) motion to amend the foreclosure order in order to accurately reflect U.S. Bank's interest in the property. Because U.S. Bank was not named in the foreclosure order, the Eleventh District vacated the trial court's order distributing the proceeds of the sale to U.S. Bank.

**{¶31}** The *Governors* panel explained:

The foreclosure decree was a final, appealable order because it set forth the rights of all lienholders. *CitiMortgage*[, *Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984] at ¶ 39. "Accordingly, if an individual or entity believes that the order of foreclosure fails to accurately reflect an interest in the property, the proper means to challenge the court's determination is by appealing the order of foreclosure." *Id.* at ¶ 38. Otherwise, although a motion for relief from judgment cannot be used as a substitute for an appeal, " 'Civ.R. 60(B) provides the exclusive means for a trial court to vacate a final judgment' " if the proper criteria is set forth. *Fed. Natl. Mtge. Assn. v. Day*, 158 Ohio App.3d 349, 2004-Ohio-4514, ¶ 21 (2d Dist.), quoting *Soc. Natl. Bank v. Repasky*, 7th Dist. Mahoning No. 99 C.A. 193, 2000 WL 1486767, *3 (Sept. 21, 2000) (citations omitted). Either way, "the proper time to challenge the existence and extent of mortgage liens is in the foreclosure action." *Id.* at ¶ 15 (citation omitted).

Nationstar did not appeal the order prior to U.S. Bank's substitution. U.S. Bank could not have appealed the foreclosure decree because it was not a party at the time the judgment was entered. U.S. Bank was subsequently granted leave to file an answer instanter. The filing of this answer did not have the effect of vacating the decree of foreclosure. U.S. Bank did not file a cross-claim or otherwise attempt to prosecute its claim against the co-defendants. Thus, U.S. Bank's sole remedy to obtain relief from the default

judgment entered against it in the foreclosure action was a Civ.R. 60(B) motion.

U.S. Bank did not file a Civ.R. 60(B) motion. Instead, U.S. Bank filed a motion for distribution of proceeds from the sale. The amount claimed by U.S. Bank in this motion had never been reduced to judgment. While it claimed it had a first lien on the property, the record is clear that almost eight months prior, the Clerk of Courts, pursuant to the trial court's foreclosure decree and order confirming sale, released U.S. Bank's mortgage on September 9, 2015.

The trial court issued an order stating U.S. Bank established that it is owed money on the note and mortgage based on the affidavit U.S. Bank attached to its motion for distribution of proceeds. By issuing this order, the trial court "improperly attempted to alter the effect of the previous foreclosure judgment, which should have been appealed or been the subject of a Civ.R. 60(B) motion." *Day*, *supra*, at ¶ 29.

Because the trial court improperly modified the final and appealable foreclosure decree, the trial court did not have authority to distribute any proceeds of the sale to U.S. Bank.

*Governors*, *supra*, at ¶ 23-27.

**{¶32}** The trust asserts that res judicata bars the foregoing argument because it could have been raised in the original 60(B) motion. Appellants counter that the *Governors* argument was not raised in their original 60(B) motion because the argument is predicated upon a factual finding made for the first time in *Smith IV* (incorrectly attributed in *Smith IV* to *Smith III*), that U.S. Bank's role as trustee is the result of a merger with LaSalle. To the contrary, no such finding was made in *Smith III*. In fact, previous trustee Bank of America's role as trustee was the result of Bank of America's merger with LaSalle Bank. U.S. Bank is a successor in interest to Bank of America.

**{¶33}** Moreover, Appellants could have asserted their *Governors* argument in the original 60(B) motion filed after the issuance of the Confirmation/Distribution order. The

argument is predicated upon U.S. Bank's failure to file a 60(B) motion to amend the foreclosure order to reflect U.S. Bank's interest in the property prior to the issuance of the Confirmation/Distribution order. Even assuming arguendo that the misstatement in *Smith IV* is correct, that fact would not have given rise for the first time to Appellants' *Governors* argument. Accordingly, we find that Appellant's successive 60(B) motion is barred by res judicata.

**{¶34}** Even assuming arguendo that Appellants' *Governors* challenge is not procedurally barred, we have repeatedly held that the real party in interest in this case, from the filing of the complaint to the present date, is the trust. Insofar as the interest holder has remained the same, we find on the merits that the trial court did not err in distributing the proceeds to the trust. In *Governors*, the foreclosure order established Nationstar's interest in the property. It is not clear from the Eleventh District's opinion in *Governors* that Nationstar was acting as a trustee. Accordingly, the facts in *Governors* are distinguishable from the facts in this appeal.

## CONCLUSION

**{¶35}** Because Appellants could have asserted their *Governors* challenge in their original 60(B) motion following the issuance of the Confirmation/Distribution order, we find that the second 60(B) motion is procedurally barred. Even assuming arguendo that the second 60(B) motion is properly before us, we find that the trial court had the authority to distribute the sale proceeds to U.S. Bank, despite the fact that LaSalle was the trustee named in the foreclosure order, because the foreclosure order recognizes the trust's interest in the property. Accordingly, the judgment entry of the trial court overruling the second 60(B) motion is affirmed.

Waite, J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**