[Cite as *U.S. Bank v. Smith*, 2023-Ohio-3422.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

U.S. BANK NATIONAL ASSOCIATION,

Plaintiff-Appellee,

v.

RONALD J. SMITH ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0111**

---

Motion to Certify a Conflict

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Overruled.

---

*Atty. David A. Wallace* and *Atty. Karen M. Cadieux,* Carpenter Lipps & Leland LLP, 280 Plaza, Suite 1300, 280 North High Street, Columbus, Ohio 43215, for Plaintiff-Appellee U.S. Bank National Association as Trustee (No Response Filed) and

Ronald J. Smith and Nancy L. Smith, *Pro Se*, 4525 North 66th Street #53, Scottsdale, Arizona 85251, Defendants-Appellants.

Dated: September 22, 2023

**PER CURIAM.**

{¶1}    This matter is before us on the "Motion to Certify Conflict with Other Appellate Districts" filed by Appellants, Ronald J. Smith and Nancy L. Smith, on June 21, 2023, acting pro se. No opposition brief was filed.

{¶2}    On June 12, 2023, in *U.S. Bank Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 22 MA 0111, 2023-Ohio-1940, we affirmed the judgment of the trial court overruling Appellants' second motion for relief from judgment filed pursuant to Civ. R. 60(B), finding that the second motion was barred by res judicata.  Specifically, we opined:

Appellants could have asserted their *Governors* [*Place Condominium Owners Assn., Inc. v. Unknown Heirs of Polson*, 11th Dist. Lake No. 2016-L-070, 2017-Ohio-885] argument in the original 60(B) motion filed after the issuance of the Confirmation/Distribution order. The argument is predicated upon U.S. Bank's failure to file a 60(B) motion to amend the foreclosure order to reflect U.S. Bank's interest in the property prior to the issuance of the Confirmation/Distribution order. Even assuming arguendo that the misstatement in [*U.S. Bank Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 20 MA 0061, 2021-Ohio-3592, reconsideration denied, 7th Dist. Mahoning No. 20 MA 0061, 2022-Ohio-1450] is correct, that fact would not have given rise for the first time to Appellants' *Governors* argument.  Accordingly, we find that Appellants' successive 60(B) motion is barred by res judicata.

*Id.* at ¶ 33.

{¶3}    App.R. 25, captioned "Motion to certify a conflict," states in part:

A motion to certify a conflict under Article IV, Section 3(B)(4) of the Ohio Constitution shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order of the court that creates a conflict with a judgment or order of another court of appeals and made note on the docket of the mailing, as required by App. R. 30(A). * * * A motion under this rule shall specify the issue proposed for certification and

shall cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed.

App.R. 25(A).

**{¶4}** Article IV, Section 3, "Organization and jurisdiction of courts of appeals, states in part:

Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination.

Ohio Const. Article IV, Section 3(B)(4).

**{¶5}** Hence, the following conditions must be met before and during certification pursuant to Section 3(B)(4), Article IV of the Ohio Constitution:

First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law – not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals. (Emphasis deleted.)

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 613 N.E.2d 1032, (1993), paragraph one of the syllabus. In addition, the issue proposed for certification must be dispositive of the case. *State ex rel. Davet v. Sutula*, 131 Ohio St.3d 220, 2012-Ohio-759, 963 N.E.2d 811, ¶ 2.

"Factual distinctions between cases do not serve as a basis for conflict certification." *Id.* at 599. In *Whitelock*, the Ohio Supreme Court dismissed the appeal on the grounds that the conflict was improperly certified and

urged appellate courts to certify "only those cases where there is a true and actual conflict on a rule of law." *Id.*

*State v. Rice*, 7th Dist. Mahoning No. 21 MA 0085, 2022-Ohio-4176, ¶ 4-5.

**{¶6}** Appellants contend that the foregoing holding creates five separate conflicts of law based on sixteen cases from nine other Ohio appellate districts:

<u>Certified Conflict No. 1</u>

Can the Court of Appeals determine that the Trust is the holder of a note and mortgage or judgment debt without evidence that the Trust was the holder pursuant to R.C. 1303.25?

*Thompson v. McVey*, 12th Dist. Clinton Nos. CA2006-03-006, CA2006-03-009, 2006-Ohio-7036;

*Cincinnati Ins. Co. v. Jacob,* 2nd Dist. Montgomery No. 25407, 2013-Ohio-2573;

*Everhome Mtge. Co. v. Rowland,* 10th Dist. Franklin No. 07AP-515, 2008-Ohio-1282;

*U.S. Bank Nat'l Assn v. George*, 10th Dist. Franklin No. 14AP-817, 2015-Ohio-4957;

*Deutsche Bank Nat'l Trust Co. v. Najar,* 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657; and

*Lozada v. Lozada,* 11th Dist. Geauga No. 2012-G-3100, 2014-Ohio-5700.

<u>Certified Conflict No. 2</u>

Can the judgment payee can [sic] be changed post-judgment on an existing judgment without a 60(b) motion provided that the payee is a new trustee [sic].

*Governors Place Condominium Owners Assn., Inc. v. Unknown Heirs of Polson,* 11th Dist. Lake No. 2016-L-070, 2017-Ohio-885;

*Preferred Prop. v. Tillimon*, 6th Dist. Lucas No. L-05-1085, 2005 Ohio 5875

*Anderson v. Consumer Portfolio Servs., Inc.*, 10th Dist. Franklin No. 12AP-339; 2012-Ohio-4380;

*Deutsche Bank Trust Co. v. Pearlman,* 162 Ohio App. 3d 164, 2005-Ohio-3545 (9th Dist.);

*Fed. Natl. Mtge. Assn. v. Day,* 158 Ohio App.3d 349, 2004-Ohio-4514 (2nd Dist.); and

*Dunne v. Hanson*, 6th Dist. Lucas No. L-01-1414, 2002-Ohio-2267.

Certified Conflict No. 3

Does the definition of the abuse of discretion standard of review still require the court to find that the lower courts' [sic] decision was unreasonable, arbitrary, or unconscionable?

*State v. Austin*, 1st Dist. Hamilton Nos. C-210140, C-210141, 2021-Ohio-3608.

Certified Conflict No. 4

Can a court of appeal [sic] for any reason ignore well-established case law that prohibits its review of issues not raised in the lower court?

*Nozik v. Kanaga*, 11th Dist. Lake No. 99-L-193, 2000WL 1774136;

*Deutsche Bank Natl. Trust Co. v. Stone*, 10th Dist. Franklin No 20AP-94, 2021-Ohio-3007;

*Aubin v. Metzger*, 3rd Dist. Allen No. 1-03-08, 2003-Ohio-5130; and

*Dunne v. Hanson*, 6th Dist. Lucas No. L-01-1414, 2002-Ohio-2267.

<u>Certified Conflict No. 5</u>

Can an Appellate Court raise an issue sua sponte for the first time on appeal?

*Lozada v. Lozada,* 11th Dist. Geauga No. 2012-G-3100, 2014-Ohio-5700.

**{¶7}** The disposition of the second 60(B) motion in this case turned on the application of res judicata. However, none of the opinions cited by Appellants address the application of res judicata. Insofar as Appellants have not demonstrated a conflict based "upon the same question," Appellants' motion to certify conflict is overruled.

**JUDGE DAVID A. D'APOLITO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**

<u>Case No. 22 MA 0111</u>