[Cite as *U.S. Bank v. Smith*, 2023-Ohio-3421.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

U.S. BANK NATIONAL ASSOCIATION,

Plaintiff-Appellee,

v.

RONALD J. SMITH ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0111**

---

Application for Reconsideration

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Overruled.

---

*Atty. David A. Wallace* and *Atty. Karen M. Cadieux,* Carpenter Lipps & Leland LLP, 280 Plaza, Suite 1300, 280 North High Street, Columbus, Ohio 43215, for Plaintiff-Appellee U.S. Bank National Association as Trustee (No Response Filed) and

Ronald J. Smith and Nancy L. Smith, *Pro Se*, 4525 North 66th Street #53, Scottsdale, Arizona 85251, Defendants-Appellants.

Dated: September 22, 2023

**PER CURIAM.**

{¶1} This matter is before us on the "Motion to Reconsider Denial on June 12, 2023" ("application for reconsideration") filed by Appellants, Ronald J. Smith and Nancy L. Smith, on June 21, 2023, acting pro se. No opposition brief was filed.

{¶2} On June 12, 2023, in *U.S. Bank Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 22 MA 0111, 2023-Ohio-1940, we affirmed the judgment of the trial court overruling Appellants' second motion for relief from judgment filed pursuant to Civ. R. 60(B), finding that the second motion was barred by res judicata. Specifically, we opined:

> Appellants could have asserted their *Governors* [*Place Condominium Owners Assn., Inc. v. Unknown Heirs of Polson*, 11th Dist. Lake No. 2016-L-070, 2017-Ohio-885] argument in the original 60(B) motion filed after the issuance of the Confirmation/Distribution order. The argument is predicated upon U.S. Bank's failure to file a 60(B) motion to amend the foreclosure order to reflect U.S. Bank's interest in the property prior to the issuance of the Confirmation/Distribution order. Even assuming arguendo that the misstatement in [*U.S. Bank Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 20 MA 0061, 2021-Ohio-3592, reconsideration denied, 7th Dist. Mahoning No. 20 MA 0061, 2022-Ohio-1450] is correct, that fact would not have given rise for the first time to Appellants' *Governors* argument. Accordingly, we find that Appellants' successive 60(B) motion is barred by res judicata.

*Id.* at ¶ 33.

{¶3} App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Siltstone Resources, LLC v. State of Ohio Pub. Works Commission*, 7th Dist. Belmont No. 18 BE 0042, 2020-Ohio-729, ¶ 2. We have held reconsideration "provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." *Deutsche Bank Natl. Trust Co. v. Knox*, 7th Dist. Belmont No. 09-BE-4, 2011-Ohio-421, ¶ 2. "When presented with an application for

Case No. 22 MA 0111

reconsideration * * *, an appellate court must determine whether the application calls to the court's attention an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Carpenter v. Carpenter*, 7th Dist. Belmont No. 21 BE 0049, 2023-Ohio-1496, ¶ 4.

**{¶4}** "A panel could conceivably make any number of obvious errors justifying reconsideration including a factual error, a procedural error, or an error of law." *Id.* However, mere disagreement with the majority's logic and conclusions does not support an application for reconsideration. *Hampton v. Ahmed*, 7th Dist. Belmont No. 02 BE 66, 2005-Ohio-1766, ¶ 16 ("An application for reconsideration may not be filed simply on the basis that a party disagrees with the prior appellate court decision.")

**{¶5}** Appellants assert six errors in our Decision:

I.   That the wrong party can be paid as long as the right party is subsequently paid.
II.  That the Trust is the owner of the note and mortgage.
III. That the issues raised for the first time on appeal are permissible.
IV.  That the *Governors* [*Place Condominium Owners Assn., Inc. v. Unknown Heirs of Polson*, 11th Dist. Lake No. 2016-L-070, 2017-Ohio-885] case is inapplicable.
V.   That the standard of "unreasonable, arbitrary, or unconscionable" applies.
VI.  That Bank of America merged with LaSalle in 2007 and That [sic] U.S. Bank became the successor in interest to Bank of America and successor trustee.

**{¶6}** Although the disposition of the second 60(B) motion at issue in this appeal was predicated upon Appellants' failure to raise the substance of the second 60(B) motion in the original motion, their only challenge to the application of res judicata is raised on page nine of the application for reconsideration. Appellants argue that we impermissibly accepted Appellee's res judicata claim for the first time on appeal.

**{¶7}** Appellants' second 60(B) motion was filed on September 20, 2022, roughly one year after we affirmed the trial court's decision overruling Appellants' original 60(B) motion. The trial court overruled the second 60(B) motion roughly one week later on September 26, 2022 without explanation in a one-line entry. No opposition brief was filed in the interim. Insofar as the trial court overruled the second 60(B) motion without waiting for an opposition brief from Appellee, it would be improper to foreclose an argument that could not have been raised before the trial court.

**{¶8}** We recognized in our opinion on the merits:

> In *CitiMortgage, Inc. v. Roznowski*, 138 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, the Supreme Court of Ohio opined that foreclosure actions proceed in two stages, each of which ends in a final, appealable judgment: the order of foreclosure and the confirmation of sale. *Id.* at ¶ 39. The order of foreclosure determines the extent of each lienholder's interest, sets out the priority of the liens, determines the other rights and responsibilities of each party, and orders the property to be sold by sheriff's sale. *Id.*; R.C. 2323.07. On appeal, parties may challenge the court's decision to grant the decree of foreclosure. *Roznowski* at ¶ 39. Once the foreclosure decree is final and upon completion of the appeals process, the rights and responsibilities of the parties under the foreclosure decree may no longer be challenged. *Id.*

> The confirmation of sale is an ancillary proceeding limited to whether the sheriff's sale conformed to law. *Id.* at ¶ 40. Under R.C. 2329.31(A), if the trial court, "on careful examination of the proceedings," finds that the sale conformed with R.C. 2329.01 through 2329.61, inclusive, then the court enters an order confirming the sale and orders the dispersal of the proceeds.

*U.S. Bank Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 22 MA 0111, 2023-Ohio-1940, ¶ 18-19.

**{¶9}** The remainder of Appellants' arguments are foreclosed for one of two reasons: First, the arguments relate to the foreclosure order, or, second, the arguments relate to the order confirming the property sale but were waived due to Appellants' failure to raise them in the original 60(B) motion.

**{¶10}** For the foregoing reasons, Appellants' application for reconsideration is overruled.

**JUDGE DAVID A. D'APOLITO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**

<u>Case No. 22 MA 0111</u>